JjPER CURIAM.
This lawyer disciplinary proceeding involves two separate charges arising out of the same event — respondent’s telephone call to a widow whose husband had recently died while working on an offshore platform. The first charge involves solicitation of a client, and the second involves false statements to the disciplinary agency.
Respondent telephoned the widow one week after her husband died. Most of the conversation was inadvertently recorded on the widow’s answering machine, but the introductory portion was missing or inaudible and several other comments cannot be understood.
In the telephone conversation, respondent told the widow he had information, obtained from a person whose identity he could not reveal, that her husband had accidently been knocked overboard. This information was contrary to the insurance company’s report to the widow that her husband had suffered a heart attack on the platform and had fallen into the sea and drowned. Respondent advised her to be cautious in accepting the insurance company’s version of the incident.
When the widow discovered that the conversation had been recorded, she turned the tape over to the attorney who had represented her husband in previous matters. Respondent never contacted the widow again. However, she mentioned the tape during a subsequent Coast Guard investigation. The Coast Guard |2apparently reported the existence of the tape to Disciplinary Counsel, who obtained it from the attorney to whom the widow had given it.
Disciplinary Counsel notified respondent that his office was investigating possible solicitation of the named woman. Respondent *732 replied that he did not know the person allegedly solicited and had no office file in that name. Disciplinary Counsel then filed formal charges of violations of Rules of Professional Conduct 7.1 (communications concerning a lawyer’s services), 7.3(a) (direct contact with a prospective client), and 7.4(b) (communication of field of practice), among others. After being furnished the tape of the telephone conversation, respondent recalled the incident, stating that he made the call to prevent a miscarriage of justice after an insurance adjuster informed him of what appeared to be a cover-up of a negligently caused death. Because of the “whistle blower” status of the adjuster, respondent refused to reveal her name.
At the hearing, respondent testified that the insurance adjuster, a personal client who was “very upset” over the possible cover-up, called him because she could not call the widow directly and insisted that he notify the widow “not [to] accept the facts as being related to her.”
The widow testified at the hearing that she did not believe she had been solicited by respondent. After the hearing she wrote to Disciplinary Counsel advising that she believed respondent’s telephone call “was in good faith and an honest attempt to assist me and he did not actively solicit representation....”
The Hearing Committee found that respondent had committed solicitation and recommended a public reprimand.
The Disciplinary Board noted that respondent had previously received an admonition because he had mailed a solicitation without placing the word “advertisement” on the letter and on the envelope. The Board recommended ajjsthree-month suspension.
In the meantime, Disciplinary Counsel filed a second proceeding against respondent. In connection with his testimony in the first case about the female adjuster’s prompting his call to the widow, respondent was charged with violating Rules of Professional Conduct 3.1 (bringing only meritorious claims and contentions), 3.3(a)(1) and (4) (making false statements and offering false evidence), and 3.4(b) (falsifying evidence), among others.
When the first case came before this court, it was remanded to the Board to be considered again together with the second case.
At the hearing before a different hearing committee, respondent produced the adjuster by a videotaped deposition which preserved the witness’ confidentiality. The adjuster was respondent’s cousin whom respondent had represented in an automobile accident case. The cousin was a secretary-adjuster with one insurance broker, but her boyfriend (husband by the time of the deposition) was an adjuster for the different company that was handling the case involving the widow’s husband’s death. The cousin’s boyfriend suggested that she “run this by” respondent, suggesting that further investigation was needed. She gave respondent the information and respondent’s unlisted telephone number.
The Hearing Committee, although noting some discrepancies between respondent’s initial testimony and the testimony of his adjuster cousin, found that the adjuster’s testimony “corroborated the essence” of respondent’s testimony. The Committee therefore recommended the dismissal of the false testimony charges.
The Disciplinary Board, in a decision subscribed to by six members, concluded that the Hearing Committee’s finding on the false testimony charge was not clearly wrong. However, on the solicitation charge, the six members concluded that solicitation had been proved. Because the call had prompted the widow to | investigate further and to pursue a wrongful death action, the only injury was the unsolicited intrusion into her privacy and an additional taint on the reputation of attorneys. The six members recommended a public reprimand.
The other six members of the Board (one did not participate) concluded that false testimony had been proved, but noted that it was inconsistent to find respondent guilty of solicitation if his testimony in the initial proceeding about his motive was not false. Concluding that respondent had been proved guilty on both charges, these six members recom *733 mended that respondent be suspended for nine months, with six months deferred under certain conditions.
As to the false testimony charge, we agree with the Hearing Committee that respondent’s adjuster cousin essentially corroborated his testimony given in the first proceeding. In her videotaped deposition, the cousin was clearly reluctant to testify because of her awkward situation, but she verified that she initiated the idea of respondent’s calling the widow to suggest investigation of the circumstances of the husband’s death and that she provided the basic information to respondent. There was little doubt that the cousin provided the initial motivation asserted by respondent as the basis for his call to the widow.
We conclude that Disciplinary Counsel failed to prove by clear and convincing evidence that respondent made false statements in the first proceeding about the existence of a female adjuster informant and about the information provided to respondent by her. These charges should be dismissed.
As to the solicitation charges, the decision is much closer, particularly on the question of whether respondent, although properly motivated to place the call, improperly went too far and actually solicited representation of the widow. The decision ultimately turns on the heightened burden of proof in disciplinary proceedings.
| gMost significant is the fact that the widow did not believe she had been solicited. Moreover, one-half of the members of the Disciplinary Board did not believe respondent had committed solicitation if his statements about motivation by the insurance adjuster were not false.
While respondent affirmatively answered the widow’s question about whether he was a maritime lawyer and whether he had a track record with the insurance company, and offered his name and telephone number,[1] it is unclear whether these statements arose from his offer to provide information or from his desire to seek representation. Clearly it would have been more appropriate simply to provide the information and suggest that she have a lawyer investigate further. However, when the person allegedly solicited does not believe solicitation occurred and the other evidence is inconclusive, we cannot say that solicitation has been proved by clear and convincing evidence.
While dismissing these particular charges, we emphasize that direct solicitation of professional employment from a prospective client in violation of Rule 7.3 is a very serious disciplinary violation that undermines the reputation of lawyers generally and the public’s attitude toward the profession. While solicitation is seldom reported and is difficult to prove under the heightened standard in these proceedings, we encourage Disciplinary Counsel to utilize fully his investigative staff and his resources to pursue any reports and to bring proof of such behavior to this court for punishment sufficient to deter further misconduct.
For these reasons, all of the charges in both actions are dismissed.
VICTORY, J., dissents and assigns reasons.

. The beginning of the conversation, part of which was not recorded, can reasonably be interpreted as respondent's reporting that he had information from an anonymous friend about her husband’s death, but that she did not want to talk at the time. Three later portions of the conversation could be viewed as subtle invitations for eventual representation, but two were in response to questions by the widow. It is significant for burden of proof purposes that the widow did not take these remarks as solicitation.