DISCIPLINARY PROCEEDINGS
hPER CURIAM. *
On April 25, 1996, the Office of Disciplinary Counsel filed two counts of formal charges against the respondent, Van H. Brass, an attorney licensed to practice law in the State of Louisiana.
The first count arose out of a complaint filed against respondent by his former client, Ms. Ruby Horne. Respondent was retained to represent the three minor children of Ms. Horne in personal injury claims. In March of 1990, respondent settled the claims and received settlement drafts which were deposited into a bank account labeled “client trust account,” but used by respondent as an-operating account. Although respondent withheld funds from the settlements for payment of outstanding medical expenses to a physician and a hospital, he failed to pay the physician until August of 1990 and failed to pay the hospital until 1993. Since the issuance of the settlement drafts, the balance in respondent’s “client trust account” often fell below the amount of funds necessary to pay the outstanding medical bills. Respondent also repeatedly wrote checks on the account which were returned for insufficient funds resulting in a charge to the account which further depleted the client funds.
Despite repeated requests by the Office of Disciplinary Counsel for a response to the complaint filed by Ms. Horne, respondent failed to cooperate with the investigation and a subpoena had to be issued in February 1993 to compel respondent’s testimony.
As to the second count of the formal charges, respondent testified under oath in an unrelated case that he had paid an investigator to serve as a “runner” for his legal practice to bring in personal injury and criminal clients. Disciplinary counsel alleged that respondent’s actions constituted improper chent solicitation in violation of Rules 7.2, 7.3, and 8.4(a) of the Rules of Professional Conduct.
On June 4, 1996, respondent answered the charges denying the allegations that he commingled and converted funds for his own use, was uncooperative with disciplinary counsel |2in its investigation, and he paid any person to solicit cases for him. However, on August 8, 1996, respondent tendered a Motion for Consent Discipline admitting the factual allegations of the formal charges. He proposed that he be suspended from practice for two and one-half (2}6) years with all but one (1) year and one (1) day being deferred. He further recommended that he be placed on a two (2) year probation upon his reinstatement to the practice of law, subject to the following terms:
a. Submission to probation monitoring which shall include periodic review of his client trust account and law office operating account;
b. Performance of five (5) additional hours of Continuing Legal Education cred *968 it in ethics for each of the two years that he is on probation;
c. No additional violations of the Rules of Professional Conduct during the period of probation; and
d. Payment in full of the costs associated with these disciplinary proceedings.
On August 27, 1996, disciplinary counsel concurred in the proposed discipline. Subsequently, the hearing committee and disciplinary board filed its recommendations approving the consent discipline.
Upon review of the record of the disciplinary board’s findings and recommendations, and the record filed herein, it is the decision of the court that the motion for discipline by consent be granted.
Accordingly, it is ordered that respondent be suspended from the practice of law for two and one-half (2%) years with all but one (1) year and one (1) day being deferred. It is further ordered that respondent be placed on probation for two (2) years upon his reinstatement to the practice of law, subject to the conditions set forth in the motion for discipline by consent. All costs of these proceedings are assessed against respondent.
LEMMON, J., dissents and would reject consent discipline.

 Calogero, C.J. not on panel. Supreme Court Rule IV, Part 2, § 3.