ATTORNEY DISCIPLINARY PROCEEDINGS
JPER CURIAM. *
This disciplinary matter arises from a petition for consent discipline filed by respondent, Stephen M. Bernstein.
UNDERLYING FACTS
Since no formal hearing was conducted, the underlying facts were not developed in detail. However, the petition indicates respondent was engaged in an ongoing practice of using various persons to whom the payment of money or anything of value was made for the purpose of obtaining representation of clients. The parties agree that respondent’s conduct violated Rule 7.2 of the Rules of Professional Conduct.[1]
DISCIPLINARY PROCEEDINGS
Prior to the filing of formal charges, respondent filed a petition for consent discipline. Respondent admitted his conduct violated the Rules of Professional Conduct. As discipline, respondent sought a three year suspension, with one year deferred, followed by a two year period of probation subject to conditions. Respondent agreed to cooperate with the Office of Disciplinary Counsel (“ODC”) and provide complete and truthful testimony in any disciplinary proceeding, as well as in any state criminal prosecution against any person alleged to have accepted anything of value in exchange for obtaining representation of clients, or in such proceedings against other blawyers participating as a principal or accessory in such conduct.
The ODC filed a concurrence in the petition, praying that the petition be approved and the stipulated form of discipline be imposed.
The matter was submitted to the disciplinary board. After considering the matter, the board found the proposed consent discipline was appropriate, and recommended that it be adopted. One member of the board dissented, on the ground that the record contained insufficient information regarding respondent’s conduct.
Neither respondent nor the ODC filed objections in this court to the recommendation of the disciplinary board.
DISCUSSION
Based on our review of the record, we find the proposed consent discipline is appropriate and is consistent with the jurisprudence of this court.[2] Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the petition for consent discipline, the findings and recommendation of the hearing committee and the record filed herein, it is the decision of this court that the petition for consent discipline be accepted. Accordingly, it is ordered that respondent, Stephen M. Bernstein, be suspended from the practice of law for a period of three years, with one year of the suspension deferred, subject to the conditions set forth in *484 the petition for consent discipline. Pursuant to Supreme Court Rule XIX, § 10.01, all costs and expenses in this matter are assessed against respondent, with legal interest to commence thirty days after the finality of this judgment.

 Lemmon, J. not on panel. Rule IV, Part II, § 3.

. Rule 7.2 provides:
(a) A lawyer shall not solicit professional employment in person, by person to person verbal telephone contact or through others acting at his request or on his behalf from a prospective client with whom the lawyer has no family or prior professional relationship when a significant motive for the lawyer's doing so is the lawyer’s pecuniary gain.

. In In re: Brass, 97-0947 (La.6/30/97), 696 So.2d 967, this court imposed a two and one half year suspension, with all but one year and one day deferred, on an attorney charged with failure to cooperate and paying a runner to solicit cases.