ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.*
This attorney disciplinary proceeding arises from two counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Michael A. *1173 Harris, an attorney licensed to practice law in Louisiana. The charges allege respondent’s conduct violates Rules 1.3 (lack of diligence), 1.4 (failure to communicate with a client), 1.5(a) (fee arrangements), 1.5(f)(6) (failure to refund an unearned fee), 1.16(d) (termination of the representation), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.1(b) (failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC) of the Rules of Professional Conduct, and of Supreme Court Rule XIX, § 9(c) (failure to respond to a lawful demand for information from a disciplinary authority).
UNDERLYING FACTS
In Count I of the formal charges, the ODC alleges respondent was retained by Ernest Melancon in April 1997 to represent him in a succession matter.[1] Mr. Melancon paid respondent a $200 retainer fee and gave him a will and various papers concerning the decedents. On October 7, 1997, respondent requested and received an additional fee of $500 from Barbara . Melancon [^LaGrange, Mr. Melancon’s daughter. At that time, respondent assured both Mrs. LaGrange and Mr. Melan-con he would have pleadings prepared for filing within a week. Respondent failed to do so, however, and he failed to undertake any substantive efforts in completing the succession. Respondent also failed to return telephone calls or reply to letters from Mrs. LaGrange and Mr. Melancon requesting information on the status of the matter.
In Count II of the formal charges, the ODC alleges that on April 1, 1998, respondent was served by certified mail with a complaint filed by Mrs. LaGrange concerning the matter which is the subject of Count I. Respondent failed to reply to the complaint. On May 29, 1998, respondent was personally served with a subpoena to appear before the ODC to testify in the Melaneon/LaGrange matter. Respondent failed to appear at the appointed time.
DISCIPLINARY PROCEEDINGS
After the ODC filed formal charges, respondent filed an answer denying any misconduct and raising as a mitigating factor his “persistent and profound” physical disabilities from an August 1995 stroke.[2] Respondent then moved to submit to consent discipline, proposing a reprimand with six months probation. The hearing committee denied the motion, and the matter was submitted for formal hearing.

Hearing Committee Recommendation

The hearing committee found that after respondent opened the succession of Mr. Melancon’s parents, he performed no further work in the matter other than one weekend of research in October 1997.[3] At the time he was retained by Mr. Melancon and Mrs. LaGrange, respondent was still recovering from a stroke and was working only part-time; however, he did not advise his clients that his physical limitations *1174 would preclude him from timely completing the work he had been retained to perform. The hearing committee also found that respondent ignored numerous requests from his clients for an update on the status of the succession matters, and on at least one occasion, 13he offered false assurances that the work would soon be completed. With respect to the allegations of Count II, the hearing committee found that respondent received notice by certified mail of the complaint made by Mrs. LaGrange, but failed to respond; respondent also ignored a subpoena to appear before the ODC. Finally, the hearing committee found that respondent had no prior disciplinary history, but that between September and November 1997, respondent was ineligible to practice for failure to pay bar dues.
The hearing committee concluded respondent’s conduct violated Rule 1.3, for failure to act with reasonable diligence and promptness in representing his client, Rule 1.4(a), (b), for fading to communicate with his client and for offering false assurances that the work would soon be completed, Rule 1.5(f)(6), for failing to refund or account for the fee, Rule 8.4(c), for engaging in dishonest and deceitful conduct, Rule 8.4(d), for engaging in conduct prejudicial to the administration of justice, and Rule 8.4(g), for failing to cooperate with the ODC. The hearing committee also concluded that respondent’s conduct violated Supreme Court Rule XIX, § 9(c), for knowingly failing to respond to a lawful request for information from a disciplinary authority-
Referring to the ABA’s Standards for Imposing Lawyer Sanctions, the committee found Standard 4.42 suggests suspension is the appropriate baseline sanction when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; Standard 4.62 suggests that suspension is appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to a client; Standard 6.22 suggests that suspension is appropriate when a lawyer knows he is violating a court rule and causes injury or potential injury to a client; Standard 7.2 suggests that suspension is appropriate when a lawyer knowingly engages in conduct that is a violation of the duty owed to the profession and causes injury or potential injury to a client, the public, or the legal system.
With respect to aggravating factors, the hearing committee noted that respondent has substantial experience in the practice of law (admitted 1983) and is indifferent to making restitution. The committee also acknowledged two mitigating factors, including an absence of prior discipline and physical disability or impairment.[4]
| ¿Considering all these factors, the hearing committee recommended respondent be suspended for one year and one day, with reinstatement conditioned upon a showing that respondent has accounted for the $500 fee paid by Mrs. LaGrange and/or returned any unearned fee, and has fully cooperated with the ODC in its investigation, followed by twelve months of supervised probation.

Disciplinary Board Recommendation

The disciplinary board concurred in the findings of the hearing committee that respondent is guilty of the misconduct set forth in the formal charges and that the charges were proven by clear and convincing evidence. The board found that respondent has violated duties owed to his *1175 clients and the legal profession, and has engaged in knowing and intentional misconduct. The board agreed with the aggravating and mitigating factors noted by the hearing committee.
Under the circumstances, the board agreed that a suspension is warranted and that the recommendation of the hearing committee is in line with other neglect cases. Accordingly, the board recommended that respondent be suspended from the practice of law for one year and one day, with reinstatement conditioned upon a showing that he has accounted for the $500 fee and/or returned any unearned fee, and has fully cooperated with the ODC, followed by twelve months of supervised probation. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC objected to the board’s recommendation.
DISCUSSION
The record supports the findings of the hearing committee and disciplinary board that respondent neglected the Melancon matter and failed to return the unearned portion of the $500 fee Ispaid by Mrs. LaGrange. While we are cognizant of respondent’s physical disability, there is no evidence in the record indicating this disability prevented him from representing his client in a prompt and diligent manner or maintaining appropriate communication with the client.
Accordingly, we will accept the recommendation of the disciplinary board and suspend respondent from the practice of law for a period of one year and one day, followed by twelve months of supervised probation.[5]
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that Michael A. Harris be suspended from the practice of law for a period of one year and one day, followed by twelve months of supervised probation. Respondent is ordered to account for the $500 fee paid by Mrs. LaGrange and to return any unearned portion of this fee. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Kimball, J. not on panel. Rule IV, Part II, § 3.

. Respondent was retained to open the succession of Mr. Melancon’s parents, Editha and Clairville Melancon. In addition, Mr. Melancon advised respondent that he wished to contest a donation of immovable property made by Clairville Melancon prior to his death.

. There is no suggestion that the stroke impaired respondent’s mental abilities.

.The hearing committee noted that more than a year has passed since respondent accepted the Melancon representation. To date, respondent has not attempted to complete the work, nor has he offered to account for the $500 fee he accepted and to refund any unearned portion.

. However, as to respondent’s disability claim, the committee observed:
At the outset this committee notes that the respondent has not been declared incompetent to practice due to his physical disabilities. The evidence preponderates that Mr. Harris possesses his mental faculties and was of the belief when he undertook the representation of Mr. Melancon that he would be able to accomplish the work, despite his physical limitations. At this juncture Mr. Harris has offered no explanation pertaining to his lack of diligence other than his explanation that he tires easily and is unable to work but several hours a day.

. The disciplinary board also recommended that respondent’s reinstatement be conditioned on proof that he has accounted for the $500 fee, refunded any unearned portion of that fee, and cooperated with the ODC. Although we agree respondent should be ordered to account for the fee and return any unearned portion, we decline to impose any conditions on reinstatement at this time. Such issues, along with any other relevant factors, may be addressed if and when respondent makes an application for reinstatement.