ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM. *
This attorney disciplinary proceeding arises from a petition for consent discipline filed by respondent, Richard A. Cuccia, an attorney licensed to practice law in the State of Louisiana but currently on interim suspension.[1]
UNDERLYING FACTS
Respondent was admitted to the practice of law in Louisiana in 1993. Within a few years of commencing his practice, respondent began to employ runners to solicit personal injury clients. Respondent paid approximately two dozen runners the sum of $500 for each personal injury client solicited following an automobile accident. Respondent also employed nearly a dozen secretaries, legal assistants, and clerical help to assist him in “processing” these personal injury claims.[2] The volume of respondent’s practice — some 90 to 100 new clients each month — suggests that respondent’s supervision of his employees was minimal and gave rise to many instances of unauthorized practice of law.
The Office of Disciplinary Counsel (“ODC”) began to receive a number of *797 complaints concerning respondent, often involving allegations of neglect, failure to communicate, failure to properly account, and similar misconduct. Occasionally, allegations were also made that these clients had been solicited. In each instance, respondent denied the allegations. However, many, if |?not all, of the runners employed by respondent have been previously identified by the ODC through its prosecution of other Louisiana attorneys involved in the runner-based solicitation industry. As the ODC’s investigation progressed, it was determined that multiple runners had solicited personal injury cases on respondent’s behalf, typically at an accident scene, and had taken prospective clients directly to respondent’s office. Numerous clients and others were able to confirm that respondent was an active player in the “solicitation industry.”
Confronted with this evidence, respondent initiated negotiations with the ODC to resolve the disciplinary cases pending against him. Respondent eventually agreed to seek immediate interim suspension, submit a petition for consent disbarment, cooperate with the ODC in its ongoing investigation of runner-based solicitation, and cooperate with ongoing investigations by state and federal authorities.
DISCIPLINARY PROCEEDINGS
Prior to the filing of formal charges, respondent filed a petition for consent discipline. Respondent admitted to violations of Rules 1.4 (failure to communicate with a client), 1.8(k) (solicitation of a power of attorney authorizing the attorney to enter into a binding settlement agreement on behalf of the client), 1.15 (safekeeping property of a client or third person), 1.16 (termination of the representation), 5.3 (failure to supervise non-lawyer assistants), and 7.2 (improper solicitation of prospective clients) of the Rules of Professional Conduct. As a sanction, he proposed that he be disbarred, effective as of the date of his interim suspension.
The ODC concurred in the petition. The ODC concluded that the evidence against respondent, when considered in light of his admission of misconduct, clearly warrants the imposition of disbarment.

Disciplinary Board Recommendation

The disciplinary board found respondent has admitted that he engaged in the misconduct set forth in the petition for consent discipline. Relying on the ABA’s Standards for \ ^Imposing Lawyer Sanctions [3] and on jurisprudence from this court,[4] the board concluded the proposed consent discipline is appropriate:
[A] definite pattern of misconduct can be seen on the part of the Respondent, with approximately two dozen runners employed and ninety to one hundred new clients being obtained [monthly]. Given the seriousness of the solicitation charges, as well as the other charges *798 admitted by the Respondent, the direction of the Supreme Court to provide “punishment in order to deter future misconduct” must be carefully heeded.
Accordingly, the board recommended respondent be disbarred from the practice of law, effective as of the date of his interim suspension.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
Respondent has admitted to numerous violations of the Rules of Professional Conduct. Among the most serious misconduct is respondent’s admission that he used third parties on numerous occasions to engage in solicitation of clients. Respondent’s blatant and persistent violations of the professional rules conclusively demonstrates he lacks the moral fitness to practice law in this state.
Accordingly, we conclude disbarment is the appropriate sanction for respondent’s egregious misconduct.
RDECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that the name of Richard A. Cuccia be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked, retroactive to the date of his interim suspension. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Lemmon, J., not on panel. Rule IV, Part II, § 3.

. Respondent was arrested by the Louisiana State Police in March 1999 and was charged with improper solicitation of clients, a violation of La. R.S. 37:219, and assisting or aiding the unauthorized practice of law, a violation of La. R.S. 37:213. On May 12, 1999, this court ordered that respondent be placed on interim suspension, said suspension to be effective five days from the date of the order. In re: Cuccia, 99-1032 (La.5/12/99), 737 So.2d 13.

. These non-lawyer assistants were authorized by respondent to engage in settlement negotiations directly with insurance carriers and to bind respondent's clients in settlement.

. Standard 7.1 suggests disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public or the legal system.

. In support of its recommendation of disbarment, the board cited In re: D’Amico, 94-3005 (La.2/28/96), 668 So.2d 730, and In re: Castro, 99-0707 (La.6/18/99), 737 So.2d 701, both of which involved attorneys charged with improperly soliciting clients. Although this court dismissed the formal charges against the respondent in In re: D’Amico, we emphasized that
direct solicitation of professional employment from a prospective client in violation of Rule 7.3 is a very serious disciplinary violation that undermines the reputation of lawyers generally and the public’s attitude toward the profession. While solicitation is seldom reported and is difficult to prove under the heightened standard in these proceedings, we encourage Disciplinary Counsel to utilize fully his investigative staff and his resources to pursue any reports and to bring proof of such behavior to this court for punishment sufficient to deter further misconduct.