ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM. *
This disciplinary matter arises from a petition for consent discipline filed by respondent, Van H. Brass, an attorney licensed to practice law in Louisiana but who is currently suspended.[1] The Office of Disciplinary Counsel (“ODC”) concurred in respondent’s petition, and the disciplinary board recommended the proposed discipline be accepted.
FORMAL CHARGES

96-DB-086

In Count I of the formal charges, the ODC alleges that Mary Robinson Dunn retained respondent to represent her son in connection with a criminal matter pending in DeSoto Parish. Although respondent quoted a fee of $5,000 to Mrs. Dunn and accepted $2,000 from her, he neglected the matter and failed to take any steps to effectively represent his client.
In Count II of the formal charges, the ODC alleges that in connection with the representation that is the subject of Count I, respondent suggested to Mrs. Dunn that |Phe could get probation for her son if paid the sum of $10,000; the sum of $15,000 would result in an outright dismissal of the criminal charges with the matter not even “hitting the computers.” The ODC alleges that respondent harassed Mrs. Dunn on a nearly daily basis seeking more funds, and encouraged her to mortgage her home.
The ODC alleges that respondent’s conduct violates Rules 1.1(a) (failure to provide competent representation to a client), 1.3 (failure to act with diligence and promptness in representing a client), 1.5 (fee arrangements), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(e) (stating or implying an ability to improperly influence a judge or judicial officer) of the Rules of Professional Conduct.

*162
99-DB-OU

In Count I of the formal charges, the ODC alleges that in 1993, respondent agreed to assume the representation of Darren King, who had then pending a civil action against the Morehouse Parish Police Jury, Sheriff, and others for injuries he allegedly sustained while incarcerated in the Morehouse Parish jail. Respondent enrolled as counsel of record, but thereafter took no action in furtherance of the prosecution of the matter. This resulted in the dismissal of Mr. King’s case as abandoned. However, during the course of respondent’s discussions with Mr. King, he falsely led his client to believe that the case had been tried and that Mr. King had been found partially at fault, leading to a zero recovery. A review of the court records revealed no suit filed in Mr. King’s name, and respondent failed to comply with Mr. King’s request to provide him with a copy of the court’s ruling. Although Mr. King paid respondent the sum of $559 in connection with the representation, respondent failed to return the unearned portion of the fee. Furthermore, respondent failed to cooperate in the ODC’s investigation of a complaint filed by Mr. King.
| sIn Count II of the formal charges, the ODC alleges that in June 1997, Elija Smith retained respondent to represent him in connection with three traffic citations he had received. Pursuant to respondent’s instructions, Mr. Smith gave respondent the tickets and $350 to “get the tickets cleared.” Notwithstanding respondent’s representations, he took no action on Mr. Smith’s behalf. This resulted in the suspension of Mr. Smith’s driver’s license. Repeated telephone calls to respondent concerning the status of the matter were not returned. Respondent later misrepresented to Mr. Smith that he had taken care of the tickets, when in fact he had not. Furthermore, respondent failed to return the unearned portion of the fee paid to him by Mr. Smith.
In Count III of the formal charges, the ODC alleges that in August 1994, Wesley Crawford retained respondent to represent him in connection with a claim against International Paper Company. Mr. Crawford paid respondent the sum of $2,000 to initiate the litigation. Despite respondent’s representations to his client that he had filed suit, Mr. Crawford later determined that no suit had ever been filed on his behalf. Although respondent suggested that he informed Mr. Crawford that there was no basis upon which to file suit, he has nevertheless failed to return the unearned portion of the fee paid to him by Mr. Crawford.
The ODC alleges that respondent’s conduct violates Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
^DISCIPLINARY PROCEEDINGS
After its investigation, the ODC filed formal charges consisting of two counts on November 21, 1996 (96-DB-086). Respondent answered the formal charges and denied any misconduct. While the matter was awaiting disposition by the hearing committee, respondent filed a petition for consent discipline. He acknowledged violating the professional rules as charged in 96-DB-086, and further admitted to the misconduct alleged in two other investigative matters which were not then the subject of formal charges. For his misconduct, respondent proposed that he be suspended for a period of one year. The ODC concurred in the petition, and the disciplinary board recommended the proposed discipline be accepted. On April 9, 1999, this court rejected the proposed consent discipline and ordered that the *163 ODC proceed with institution and prosecution of all disciplinary complaints pending against respondent. In re: Brass, 99-0607 (La.4/9/99), 733 So.2d 1183.
On April 27, 1999, the ODC filed formal charges consisting of three counts in 99-DB-034. This matter was consolidated with the formal charges filed in 96-DB-086. While the matter was awaiting disposition by the hearing committee, respondent filed a petition for consent discipline. He admitted violating the professional rules as charged in the consolidated matters, and proposed that he be disbarred from the practice of law. The ODC concurred in respondent’s petition.

Disciplinary Board Recommendation

In its report, the disciplinary board found that respondent violated a duty owed to his clients, the profession, and the legal system. The board noted that respondent acted intentionally in some instances, knowingly in others, and caused actual injury to his clients by failing to refund unearned fees and by allowing their claims to prescribe through neglect and misrepresentation. The board also pointed out that | ^respondent injured the legal profession when he represented to a client that for a price, he could manipulate the judicial process to achieve certain results.
The board agreed that numerous aggravating factors are present in the instant matter, including prior disciplinary offenses,[2] dishonest or selfish motive, pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary process, vulnerability of the victims, substantial experience in the practice of law (admitted 1976), and indifference to making restitution. No mitigating factors were found. Relying on the ABA’s Standards for Imposing Lawyer Sanctions[3] and on jurisprudence from this court,[4] the board concluded that disbarment is appropriate to address respondent’s misconduct.
Accordingly, the board recommended that the proposed consent discipline be adopted and that respondent be disbarred from the practice of law. The board also recommended that respondent be required to make restitution to his victims.
Neither respondent nor the ODC objected to the board’s recommendation.
| fiDISCUSSION
Respondent has acknowledged that he committed the misconduct charged in both sets of formal charges. Considered in light of his lengthy prior disciplinary record, respondent’s actions conclusively demonstrate that he lacks the fitness to practice law in this state. Based on our review of the record, we conclude disbarment is the appropriate sanction under the circumstances.
*164 Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that the name of Van H. Brass be stricken from the roll of attorneys and that his license to practice law. in the State of Louisiana be revoked. Respondent is ordered to make full and complete restitution to his clients. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX,. § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Knoll, J., not on panel. Rule IV, Part II, § 3.

. On June 30, 1997, this court approved consent discipline suspending respondent for 2½ years, with all but one year and one day deferred, followed by two years of probation with conditions. In re: Brass, 97-0947 (La.6/30/97), 696 So.2d 967. Although respondent has served the active portion of this suspension, he has not applied to this court for reinstatement. Accordingly, he remains suspended from the practice of law.

. The record indicates that respondent was admonished in 1993 for misconduct involving his failure to keep disputed funds separate from his own and failure to cooperate with the ODC (93-ADB-067); in 1992 for misconduct involving his failure to promptly deliver client funds (92-ADB-006); and in 1991 for misconduct involving his failure to cooperate with the ODC (91-ADB-012). Additionally, as earlier noted, respondent was suspended by this court in 1997 for 2 ½ years, with all but one year and one day deferred, followed by two years of probation, for misconduct involving conversion of client funds, solicitation of clients through the use of runners, and failure to cooperate with the ODC. In re: Brass, 97-0947 (La.6/30/97), 696 So.2d 967.

. Standard 4.4 suggests that disbarment is generally appropriate when a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client, or when a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client. Standard 7.1 suggests that disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system.

. The board cited two recent decisions of this court imposing disbarment for misconduct similar to that at issue here. In re: Tosh, 99-1972 (La.9/3/99), 743 So.2d 197; In re: Smith, 98-0619 (La.5/8/98), 710 So.2d 241.