ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM *
This disciplinary matter arises from an amended petition for consent discipline *581 filed by respondent, Thomas L. Grand, Jr., an attorney licensed to practice law in the State of Louisiana, but currently on interim suspension.
UNDERLYING FACTS AND PROCEDURAL HISTORY
On December 1, 1999, respondent pleaded guilty in the United States District Court for the Eastern District of Louisiana to one count of misprision of felony, a violation of 18 U.S.C. § 4.[1] Thereafter, respondent and the Office of Disciplinary Counsel (“ODC”) jointly moved to place respondent on interim suspension, based upon his conviction of a “serious crime” for purposes of Supreme Court Rule XIX, § 19. This court granted the motion on January 12, 2000. In re: Grand, 00-0020 (La.1/12/00), 759 So.2d 757.
On February 10, 2000, prior to the institution of formal charges by the ODC, respondent filed a petition for consent discipline wherein he admitted that his federal conviction constituted a violation of Rule 8.4(b) (commission of a criminal act | ¡¡reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer) of the Rules of Professional Conduct. In addition, respondent admitted the factual allegations of two complaints then being investigated by the ODC. In Investigative File 0009642, a complaint by James Washington, respondent admitted that Mr. Washington provided rental cars to respondent’s clients in connection with respondent’s personal injury practice. In each case, respondent agreed to repay the rental car charges from any judgment or settlement the client received. However, on one occasion, respondent settled a client’s case and failed to pay Mr. Washington promptly. After learning of the complaint, respondent paid the bill in full. Respondent agreed that his conduct in the matter violated Rule 1.15(b) (failure to promptly deliver funds to a client or third person) of the Rules of Professional Conduct. In Investigative File 0010392, opened by the ODC as a result of information obtained from various third-party sources, including the Metropolitan Crime Commission, respondent admitted that he had paid runners to solicit personal injury clients. Respondent agreed that this conduct violated Rule 7.2 (direct contact with prospective clients) of the Rules of Professional Conduct. For respondent’s misconduct, he proposed that he be suspended from the practice of law for three years, with one year deferred. In light of the substantial mitigating factors involved, including absence of a prior disciplinary record, remorse, and respondent’s “extraordinary cooperation in the ongoing disciplinary and law enforcement investigations of runner-based solicitation in the greater New Orleans area,”[2] the ODC concurred in the petition for consent discipline.
13After respondent filed his petition for consent discipline, the ODC learned that respondent had continued to practice law, albeit as a “paralegal,” following the entry of the order of interim suspension. As a result, on August 23, 2000, prior to the disciplinary board’s issuance of a recom *582 mendation on the original petition for consent discipline, respondent filed an amended petition for consent discipline, admitting that he had engaged in the unauthorized practice of law, a violation of Rule 5.5 of the Rules of Professional Conduct. For his misconduct, respondent sought the imposition of disbarment. The ODC filed its concurrence the same day.

Disciplinary Board Recommendation

In its report, the disciplinary board found that respondent violated a duty owed to the public and the profession. With respect to the solicitation of clients and the criminal conduct, the board concluded that respondent’s actions were knowing and intentional; with respect to the failure to protect the interests of a third party, the board concluded respondent’s conduct was negligent. The board found these actions by respondent caused actual injury to the legal system.
In assessing the aggravating and mitigating factors, the board noted that in the original petition for consent discipline, respondent listed several mitigating factors, including (1) full and free disclosure to the disciplinary board and other law enforcement agencies, (2) absence of a prior disciplinary record, (S) remorse, and (4) timely good faith efforts to rectify the consequences of the misconduct. However, because of respondent’s misconduct subsequent to the filing of the original petition, the board refused to accept any of these factors in mitigation, with the exception of the absence of a prior disciplinary record. Instead, the board found the following I ¿constituted aggravating factors: (1) pattern of misconduct, (2) multiple offenses, and (3) refusal to acknowledge the wrongful nature of the misconduct.
After reviewing the record, the board observed that respondent’s criminal conviction stemmed from fraud and misrepresentation, and that he knowingly engaged in the improper solicitation of potential clients through the use of runners. Relying on the ABA’s Standards for Imposing Lawyer Sanctions[3] and jurisprudence from this court,[4] the board concluded that disbarment is appropriate to address such misconduct.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses |fiinvolved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
In the instant case, respondent has admitted that he engaged in the practice of using “runners” to solicit personal injury clients. Additionally, he admits he was con *583 victed of misprision of felony under federal law, which constitutes a serious crime for purposes of Supreme Court Rule XIX, § 19. While on interim suspension following his conviction, respondent acknowledges that he continued to practice law. It is beyond dispute that these actions constitute serious misconduct which clearly harms the integrity of the legal profession, and which presents a danger to the public.
While we recognize the presence of some mitigating factors, such as respondent’s lack of a prior disciplinary record and his cooperation with law enforcement authorities, we also note the presence of aggravating factors, including a pattern of misconduct and multiple offenses. After considering these factors, we conclude there is no basis to justify a deviation from the baseline sanction in this case, which we conclude is disbarment.
Accordingly, we will accept the amended petition for consent discipline. Respondent shall be disbarred from the practice of law in Louisiana.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that the name of Thomas L. Grand, Jr. be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal | (¡interest to commence thirty days from the date of finality of this court’s judgment until paid.

 James C. Gulotta, Justice Pro Tempore, sitting for Associate Justice Harry T. Lemmon.

. The record reveals that respondent had actual knowledge of the commission of a felony under federal law, namely conspiracy to commit mail fraud by a medical provider. However, respondent did not report this crime, which is itself a crime under federal law. He subsequently pleaded guilty to misprision of felony, the crime of concealing knowledge of a felony by one who has not participated or assisted in it. Following his conviction, respondent was placed on probation for a term of two years and fined $2,500.

. The U.S. Attorney’s Office confirmed that respondent "arranged an audiotape and videotape of a meeting between himself and a medical provider at which highly relevant evidence of wrongdoing was produced on the part of the medical provider, and presented this evidence to the office of the United States Attorney for evaluation and possible use in connection with future prosecutions.” Respondent took these steps voluntarily, and without any prior agreement of leniency from either law enforcement authorities or the ODC.

. Standard 5.11 provides that disbarment is generally appropriate when a lawyer knowingly engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, or the like. Standard 7.1 suggests that disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system.

. The board noted that on more than one occasion, this court has found disbarment to be an appropriate sanction in runner-based solicitation cases. See In re: Cuccia, 99-3041 (La. 12/17/99), 752 So.2d 796, and In re: Castro, 99-0707 (La.6/18/99), 737 So.2d 701.