795 So.2d 309 (2001)
In re Tommie L. LOCKHART, II.
No. 2001-B-1645.
Supreme Court of Louisiana.
September 21, 2001.
*310 PER CURIAM.[*]
This matter arises from a petition for consent discipline filed by respondent, Tommie L. Lockhart, II, an attorney licensed to practice law in Louisiana but who is currently on interim suspension.

UNDERLYING FACTS
Respondent entered the practice of law in 1996. After several months as a solo practitioner, respondent encountered severe economic problems due to a lack of clients and income. At that time, he met a medical provider who had an active practice involving personal injury cases. The medical provider arranged to introduce respondent to two "investigators" who would refer cases to him. The "investigators" were in fact runners-non-lawyers who solicited personal injury clients for lawyers in exchange for payment.
Respondent met with the "investigators" and began to receive client referrals from them. According to respondent, he was unaware the "investigators" expected to be paid for their "referral service," because they initially did not ask for any payment for the referrals. However, after several months, the "investigators" made it clear to respondent that payment for the referral service was expected. Respondent paid them for some of the referrals, but ended his relationship with them after a relatively short period of time.
Subsequently, federal law enforcement officials began an investigation into the practice of runner-based solicitation. Respondent contacted the law enforcement officials before he was formally charged with a crime, and began cooperating in the investigation. Respondent ultimately pleaded guilty in the United States District Court for the Eastern District of Louisiana to one count of misprision of felony in violation of 18 U.S.C. § 4, based on his failure to report a crime (conspiracy to commit mail fraud by a medical provider) *311 despite his knowledge of this crime. Following his guilty plea, respondent was placed on probation for a period of three years, fined $2,500 and ordered to perform one hundred hours of community service.
Thereafter, respondent and the Office of Disciplinary Counsel ("ODC") jointly moved to place respondent on interim suspension. This court granted the motion on September 13, 2000. In re Lockhart, 00-2592 (La.9/13/00), 767 So.2d 38.

DISCIPLINARY PROCEEDINGS

Formal Charges/Petition for Consent Discipline
Prior to the institution of formal charges by the ODC, respondent filed a petition for consent discipline. In his petition, he admitted that his federal conviction constituted a violation of Rule 8.4(b) (commission of a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) of the Rules of Professional Conduct. In addition, respondent admitted that he had paid runners to solicit personal injury clients, in violation of Rule 7.2 (direct contact with prospective clients). For his misconduct, respondent proposed that he be suspended from the practice of law for three years, retroactive to the date of his interim suspension, followed by a two-year period of supervised probation. The petition identified several mitigating factors, including absence of a prior disciplinary record, remorse, and good faith efforts to rectify the consequences of the misconduct, as well as respondent's "material and substantial" cooperation in the disciplinary and law enforcement investigations of runner-based solicitation in the greater New Orleans area. The ODC filed a concurrence in the petition, praying that the petition be approved and the stipulated form of discipline be imposed.

Disciplinary Board Recommendation
In its report, the disciplinary board found that respondent knowingly and intentionally violated a duty owed to the public and the profession. The board found that by its very nature, respondent's conduct caused serious injury by tainting the public's perception of the legal system.
The board concurred in the mitigating factors cited in respondent's petition for consent discipline, and agreed that no aggravating factors are present in this matter. Relying on the ABA's Standards for Imposing Lawyer Sanctions and jurisprudence from this court, the board concluded that the proposed sanction is appropriate to address respondent's misconduct. Accordingly, the board recommended the consent discipline be accepted.
Neither respondent nor the ODC objected to the disciplinary board's recommendation.

DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
Respondent's admission that he paid runners to solicit personal injury clients constitutes serious ethical and criminal *312 misconduct. We have not hesitated to disbar attorneys for engaging in such conduct. See, e.g., In re: Cuccia, 99-3041 (La.12/17/99), 752 So.2d 796, and In re: Castro, 99-0707 (La.6/18/99), 737 So.2d 701.
However, there are several mitigating factors present in the instant case. Respondent has no prior disciplinary record, and has expressed remorse for his actions. He has willingly cooperated with disciplinary and law enforcement authorities in their investigations of the runner-based solicitation industry. Moreover, the record reveals that respondent was a minor participant in the runner scheme, and that his participation ended after a relatively short period of time. Under similar circumstances, we have deviated from the baseline sanction of disbarment. See In re: Bernstein, 98-3207 (La.1/29/99), 725 So.2d 483 (three-year suspension, with one year deferred, imposed upon an attorney who paid runners to solicit cases, but cooperated in a subsequent disciplinary and criminal investigations).
In light of these factors, we will accept the petition for consent discipline and order that respondent be suspended from the practice of law for a period of three years, retroactive to his September 13, 2000 interim suspension.[1]

DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Tommie L. Lockhart, II be suspended from the practice of law for three years, retroactive to his September 13, 2000 interim suspension. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
KNOLL and TRAYLOR, JJ., dissent and would reject consent discipline and remand for the filing of formal charges.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.
[1] Respondent's petition for consent discipline provides that upon his "successful reinstatement" to the practice of law, he will agree to accept a two-year period of active probation and practice monitoring. However, such issues, along with any other relevant factors, may be addressed if and when respondent applies for reinstatement. See In re: Harris, 99-1828 (La.9/17/99), 745 So.2d 1172.