|,PER CURIAM.*
This attorney disciplinary proceeding arises from two sets of formal charges involving a total of sixty-three counts, instituted by the Office of Disciplinary Counsel (“ODC”) against respondent, Joseph J. Tosh, an attorney licensed to practice law in the State of Louisiana, but currently under suspension.[1] Respondent has filed a petition for consent discipline, seeking disbarment.
FORMAL CHARGES
The majority of the charges against respondent allege he has failed to communicate with clients, neglected legal matters, and failed to return unearned fees. Additionally, the ODC alleges respondent failed to properly supervise a non-lawyer employee, engaged in conduct involving fraud, dishonesty, and misrepresentation, and failed to cooperate with the ODC in its investigation. The ODC alleges this conduct violated numerous provisions of the Rules of Professional Conduct.[2]
*198 | .DISCIPLINARY PROCEEDINGS
After the filing of formal charges, respondent filed a petition for consent discipline, seeking to be disbarred. The ODC filed a concurrence, noting that in addition to the allegations in the formal charges, respondent also admitted to allegations in an additional twenty to thirty complaints lodged with the ODC since the filing of formal charges.
A panel of the board reviewed this matter on March 18, 1999. Respondent did not appear and the ODC submitted its evidence in support of the charges.
DISCIPLINARY BOARD RECOMMENDATION
The disciplinary board noted that respondent has admitted that he violated the rules as charged. The board found that respondent breached duties owed to his clients, the legal system, the profession, and the public, and it concluded that respondent’s conduct was knowing and intentional. Although the board did not recognize any mitigating factors, it noted the following aggravating factors: prior discipline;[3] selfish or dishonest motive; pattern of misconduct; multiple offenses; obstruction of the disciplinary process; refusal to acknowledge wrongdoing; vulnerability of the victims; and substantial legal experience in the practice of law (admitted 1977).
Accordingly, the board recommended respondent be disbarred from the practice of law effective October 16, 1998, the date of his interim suspension. It further ordered that he make ^restitution to his clients in the approximate amount of $50,693.80 and pass the bar examination prior to any application for readmission. Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
Respondent has admitted to numerous instances of misconduct involving failure to properly represent clients, failure to refund unearned fees, and failure to cooperate with the ODC. The sheer volume of complaints against him demonstrates respondent has a blatant disregard for his clients, the profession, and the disciplinary system. The record clearly indicates respondent lacks the moral fitness necessary to practice law. Under these circumstances, we conclude disbarment is an appropriate sanction.[4]
*199 Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that the name of Joseph J. Tosh be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked, retroactive to the date of his interim suspension on October 16, 1998. Respondent is ordered to make full restitution to his clients. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Marcus, J. not on panel. Rule IV, Part II, § 3.

. On October 16, 1998, this court placed respondent on interim suspension. In re: Tosh, 98-2206 (La. 10/16/98), 719 So.2d 407.

. Specifically, the charges allege violations of the Rules 1.1 (lack of competence), 1.3 (lack of diligence), 1.4 (failure to communicate), 1.5 (failure to furnish an accounting and failure to refund unearned fees), 1.15 (commingling), 1.16(d) (failure to return client files), 5.1 (responsibilities of a supervisory lawyer), 5.3 (responsibilities regarding non-lawyer assistants), 5.5 (aiding a non-lawyer in the unauthorized practice of law), 7.1 (communications concerning a lawyer’s services), 8.1(c) *198 (failure to cooperate with the obc in its investigation), 8.4(a) (violating the Rules of Professional Conduct), 8.4(b) (commission of a criminal act adversely reflecting on a lawyer's honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving deceit, dishonesty, fraud, or misrepresentation), and 8.4(g) (failure to cooperate with the ODC) of the Rules of Professional Conduct.

. The board noted that respondent’s prior disciplinary record includes the following:
5/12/89 Formal reprimand facts unknown File #9115
11/21/90 Admonition failure to cooperate 90-ADB-528
5/20/92 Admonition failure to cooperate 90-ADB-527
8/15/91 Admonition failure to cooperate 91-ADB-018
9/29/93 Admonition failure to cooperate 93-ADB-047
8/22/94 Admonition failure to cooperate 93-ADB-103
7/7/94 Admonition failure to cooperate & improper handling 94-ADB-056 of client funds
4/18/94 Admonition failure to cooperate 94-ADB-015
3/30/95 Admonition failure to cooperate 94-ADB-118
8/22/94 Admonition failure to cooperate 94-ADB-069
10/20/94 Admonition failure to cooperate 94-ADB-088
6/1/95 Admonition failure to cooperate 95-ADB-028
8/22/95 Admonition failure to cooperate 95-ADB-046
10/11/95 Admonition failure to cooperate 95-ADB-097
3/28/96 Admonition failure to cooperate, lack of diligence, fail- 96-ADB-021 ure to return a file and lack of competence

. The disciplinary board also recommended this court impose certain conditions of read *199 mission. We decline to address these issues at this time.