773 So.2d 691 (2000)
In re FLOYD M. GIBSON.
No. 00-B-2658.
Supreme Court of Louisiana.
November 27, 2000.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This attorney disciplinary proceeding arises from twelve counts of formal charges filed by the Office of Disciplinary Counsel ("ODC") against Floyd M. Gibson, an attorney licensed to practice law in Louisiana, but currently ineligible to engage in the practice of law.[1]

*692 UNDERLYING FACTS
This matter arises from complaints filed by seven separate clients alleging misconduct on the part of respondent between March of 1996 and January of 1999. The details of these complaints may be summarized as follows:

Complaint I
In August of 1996, Donna J. Davis retained respondent for $300 to represent her in divorce proceedings. Respondent failed to communicate with his client, failed to complete the matter and failed to account for or return the unearned portion of the fee.

Complaint II
In August of 1996, Raymond Perck retained respondent for $595 to institute bankruptcy proceedings in the United Stated District Court for the Middle District of Louisiana. Respondent failed to file the petition for six months and failed to communicate with his client. Respondent was not admitted to practice in the Middle District, and failed to comply with the court's orders to enroll. When the court ordered respondent to account for and return the unearned fee, he failed to do so, and conditioned his compliance with the requirement the client sign a note purporting to withdraw his disciplinary complaint that had already been filed with the ODC.

Complaint III
In December of 1997, Albert Clivens, III retained respondent for $300 to handle a custody matter. Respondent neglected the matter, failed to communicate with his client and failed to timely refund the unearned fee.

Complaint IV
In June of 1996, Bessie Anderson retained respondent for $295 in fees and $125 in court costs to complete her divorce proceedings. Respondent neglected and abandoned the matter, failed to communicate with his client and failed to account for or return the unearned fee.

Complaint v.
In March of 1996, Benjamin Herron, III retained respondent for $350 to complete his divorce. Respondent failed to complete the matter and failed to account for or return the unearned portion of the fee.

Complaint VI
In November of 1997, Wilfred J. Andres retained respondent for $500 to complete a criminal matter. Respondent did little or no work on the matter, failed to communicate with his client and failed to appear in court on behalf of his client on at least two occasions. As a result, Mr. Andres had to be represented by indigent counsel. Respondent failed to account for or promptly return the unearned fee.

Complaint VII
In August of 1998, Gwendolyn Stevenson retained respondent for $500 to represent her son in a criminal matter. Respondent did little or no work on the matter and failed to communicate with his client. When he failed to appear in court on behalf of his client, the presiding judge appointed other counsel. Respondent failed to account for or promptly return the unearned fee.

Failure to Cooperate
During the course of the ODC's investigations into these complaints, respondent failed to make any meaningful efforts to cooperate. In virtually all of the matters, he refused to respond to the ODC's requests for information and, in one instance, failed to appear for his scheduled deposition.

DISCIPLINARY PROCEEDINGS

Formal Charges
After the conclusion of its investigation, the ODC filed twelve counts of formal charges against respondent alleging several violations of the Rules of Professional *693 Conduct, specifically, Rule 1.1 (incompetence), Rule 1.3 (lack of reasonable diligence in representing a client), Rule 1.4 (failure to communicate with a client), Rule 1.5 (failure to promptly return unearned fees), Rule 1.15 (failure to account for client funds), Rule 1.16(d) (failure to protect client interests upon termination of representation), Rule 3.4(c) (knowing disobedience of the rules of a tribunal), Rule 5.5 (engaging in the unauthorized practice of law), Rule 8.1(c) (failure to cooperate in a disciplinary investigation), Rule 8.4(a) (violating Rules of Professional Conduct), Rule 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), Rule 8.4(d) (engaging in conduct prejudicial to the administration of justice) and Rule 8.4(g) (failing to cooperate with the ODC).
Seven of the counts were of a substantive nature and the five remaining counts stemmed from his failure to cooperate with the ODC. Respondent filed an answer denying any misconduct. The ODC submitted a pre-hearing memorandum seeking disbarment; respondent made no filing. The hearing committee convened and respondent neglected to appear, despite receiving proper notice. The ODC presented testimony from five witnesses, in addition to documentary evidence.

Hearing Committee Recommendation
The hearing committee determined respondent knowingly and intentionally violated duties owed to his clients, the disciplinary system, the judicial system and the profession. His actions resulted in actual and potentially serious injury to his clients in the delay of their legal matters. Additionally, the clients, many of modest means, were deprived of their fees for lengthy periods of time. The committee concluded respondent's incompetence stemmed not so much from a lack of knowledge as a total lack of care for his clients' interests.
The committee concluded the baseline sanction was disbarment. The committee recognized the presence of several aggravating factors, including prior misconduct,[2] dishonest or selfish motive (retention of unearned fees), pattern of misconduct, multiple offenses, bad faith, failure to cooperate and obstruction of disciplinary process, refusal to acknowledge wrongful nature of misconduct; vulnerability of the victims, substantial experience in the practice of law (admitted 1987), and absent, late or inadequate restitution. The committee further noted that it was "quite disturbed" by additional misconduct appearing in the record for which respondent was not charged. Specifically, the committee referred to the fact respondent was ordered in bankruptcy court to make restitution within ten days, but ignored that order for months and "ultimately flouting its intent by using court-ordered restitution to extort withdrawal of a disciplinary complaint from an unsophisticated client." Moreover, it noted that respondent agreed to handle the Clivens and Andres matters and accepted retainer fees while he was suspended from the practice of law for his failure to satisfy mandatory continuing legal education ("MCLE") requirements.
Considering these factors, the committee recommended imposition of disbarment.

Disciplinary Board Recommendation
The disciplinary board found that respondent breached duties owed to his clients, the legal system and the profession, and that his conduct was knowing and intentional. Relying on the reasons *694 cited by the hearing committee, it recommended disbarment, as well as ordered payment of full restitution.
Neither respondent nor the ODC objected to the board's recommendation.

DISCUSSION
The record supports the disciplinary board's findings that respondent knowingly and intentionally neglected his clients' cases, failed to communicate with his clients, failed to provide an accounting and return his clients' funds, failed to comply with orders of a federal judge and failed to cooperate with the ODC. Therefore, the sole issue presented is the appropriate sanction for respondent's misconduct.
In fashioning an appropriate sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but, rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass'n v. Guidry, 571 So.2d 161 (La.1990).
Respondent's pattern of neglect of legal matters and failure to account for his fees demonstrates a lack of concern about his clients, which has caused actual harm to them. Additionally, respondent has repeatedly failed to cooperate with the disciplinary authorities, and failed to comply with orders of the bankruptcy court. Under similar circumstances, this court has imposed the sanction of disbarment. See In re: Smith, 98-0619 (La.5/8/98), 710 So.2d 241 (attorney with prior disciplinary record disbarred for neglect of legal matters, failure to return unearned fees, lying to clients and failure to cooperate stemming from seven disciplinary complaints); In re: Tosh, 99-1972 (La.9/3/99), 743 So.2d 197 (attorney with lengthy prior disciplinary record disbarred stemming from sixty-four counts of misconduct for neglect of legal matters, failure to return unearned fees, lying to clients and failure to cooperate). Accordingly, we will accept the recommendation of the disciplinary board, and disbar respondent from the practice of law in the State of Louisiana.

DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that the name of Floyd M. Gibson be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Respondent is ordered to make full restitution to his clients. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[1] Respondent was admitted to the practice of law on October 9, 1987. He is currently ineligible to practice stemming from his failure to satisfy his Louisiana State Bar Association disciplinary fee assessment and annual dues.
[2] The respondent's prior disciplinary record includes:

9/1/00 - current LSBA ineligible failure to pay bar dues and disciplinary
 assessment
3/23/99 Admonition failure to cooperate with ODC 99-ADB-024
1/19/99 Admonition unauthorized practice of law 98-ADB-068
8/8/97 - 5/5/98 LSBA ineligible failure to satisfy 1996 MCLE
9/6/95 - 9/13/95 LSBA ineligible failure to pay bar dues