*967 ATTORNEY DISCIPLINARY PROCEEDINGS.
hPER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disci *968 plinary Counsel (“ODC”) against respondent, Edward B. Domm, IV, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.
PRIOR DISCIPLINARY AND INELIGIBILITY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1993. In 1997, he was admonished by the disciplinary board for neglecting a legal matter, failing to account for an advance deposit for fees and costs, practicing law while ineligible, and engaging in conduct prejudicial to the administration of justice. In 1998, respondent was admonished for revealing to a third party confidential information about a Ghent’s representation without the client’s consent.
Furthermore, since respondent was admitted, he has frequently been ineligible to practice law for failing to comply with his professional obligations, as follows:
10/1/96 to 3/11/97 — failure to pay bar dues
1/1/97 to 3/11/97 — failure to pay the disciplinary assessment
9/2/97 to 9/10/97-failure to pay bar dues
| ¡>,8/1/99 to 9/15/99 — failure to comply with the mandatory continuing legal education (“MCLE”) requirements
9/3/99 to 9/15/99 — failure to pay bar dues and the disciplinary assessment
8/14/00 to 10/5/00 — failure to comply with the MCLE requirements
9/1/00 to 9/28/00 — failure to pay bar dues and the disciplinary assessment
7/26/01 to 11/13/01 — failure to comply with the MCLE requirements
9/4/01 to 11/13/01 — failure to pay bar dues and the disciplinary assessment
8/3/02 to present — failure to comply with the MCLE requirements
9/4/02 to present — failure to pay bar dues and the disciplinary assessment
FORMAL CHARGES
The ODC filed two sets of formal charges against respondent. The first set of formal charges, consisting of six counts and bearing the disciplinary board’s docket number 02-DB-025, was filed on March 5, 2002. The second set of formal charges, consisting of one count and bearing the disciplinary board’s docket number 02-DB-085, was filed on August 16, 2002. The two sets of formal charges were consolidated by an order of the hearing committee chair dated November 5, 2002.

U02-DB-025

Count I

Respondent was ineligible to practice law from October 1, 1996 to March 11, 1997 for failing to pay his bar dues, and from January 1,1997 to March 11,1997 for failing to pay the disciplinary assessment. Nevertheless, on October 10, 1996, respondent filed a letter on his client’s behalf requesting service in the matter of Jeffrey D. Howerton v. Karen Hunter, No. 73,843 on the docket of the 21st Judicial District Court for the Parish of Livingston.
The ODC alleged that respondent’s conduct violated the following Rules of Professional Conduct: Rules 1.1(b) (failure to comply with the mandatory continuing legal education requirements), 5.5(a) (engaging in the unauthorized practice of law), and 8.4(a) (violation of the Rules of Professional Conduct).

Count II

In July 1998, while respondent was a partner in the law firm of Curet, Barron & Domm, Terry Gregory hired him to *969 handle a child support and visitation matter. Mr. Gregory paid $2,000 of an agreed-upon $3,000 fee and provided respondent all the documents he requested. Despite repeated phone calls to respondent, Mr. Gregory was never able to speak with him again. Two days before his October 1, 1998 court date, Mr. Gregory called the law firm and was given respondent’s home telephone phone number and pager number.[1] However, respondent still did not return Mr. Gregory’s phone calls, and Mr. Gregory had to ask another attorney at the law firm to handle the matter at the court hearing. In March 1999, Mr. Gregory filed a complaint against respondent with the ODC.
|4The ODC alleged that respondent’s conduct violated the following Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), and 1.16(d) (obligations upon termination of the representation).

Count III

Respondent was ineligible to practice law from August 1, 1999 to September 15, 1999 for failing to complete his MCLE requirements. Nevertheless, during this time period, he represented three clients in criminal matters in the 21st Judicial District Court for the Parish of Livingston. On August 9, 1999, respondent represented the defendant in State of Louisiana v. Heather Higginbotham, Nos. 13782 and 13929, wherein the defendant pled guilty and was sentenced. On August 10, 1999, he represented the defendant in State of Louisiana v. Paul Schulte, Nos. 13628, 13866, and 074627, wherein the defendant pled guilty and was sentenced. Finally, on August 18, 1999, respondent represented the defendant in State of Louisiana v. Renee Ritchie, Nos. 11698 and 11752, wherein the defendant’s probation was revoked.
The ODC alleged that respondent’s conduct violated the following Rules of Professional Conduct: Rules 1.1(b), 5.5(a), 8.4(a), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).

Count IV

Lawrence Watson retained respondent to defend him in a civil suit. Thereafter, Mr. Watson tried for approximately one year to contact respondent, with no success. Although the trial of the matter was set for January 6, 1999, respondent never |Binformed Mr. Watson of the trial date. Because Mr. Watson did not appear at trial to testify on his own behalf and offer a defense,[2] the trial judge found that the plaintiff had met his burden of proof and rendered judgment against Mr. Watson in the amount of $3,855.35.
In March 2000, Mr. Watson filed a complaint against respondent with the ODC. Respondent failed to reply to Mr. Watson’s complaint, necessitating the issuance of a subpoena compelling him to appear and answer the complaint under oath.
The ODC alleged that respondent’s conduct violated the following Rules of Professional Conduct: Rules 1.3, 1.4, 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a), 8.4(d), and 8.4(g) (failure to cooperate with the ODC in its investigation).

Count V

Respondent was ineligible to practice law from August 14, 2000 to October 5, 2000 .for failing to complete his MCLE *970 requirements. Nevertheless, on August 16, 2000, respondent represented the defendant- in State of Louisiana v. Phillip Lentz, Jr., No. 14779 on the docket of the 21st Judicial District Court for the Parish of Livingston, wherein a jury trial was conducted and the defendant was found guilty.
The ODC alleged that respondent’s conduct violated the following Rules of Professional Conduct: Rules 1.1(b), 5.5(a), 8.4(a), and 8.4(d).

Count VI

| Jn April 1997, respondent received personal injury settlements for his clients, Crystal Sticker and Timothy McCullen. Respondent had previously received written notice of a statutory lien for medical services provided to his clients by Dr. George Anthon, Jr., but he failed to pay the sums owed to Dr. Anthon, totaling $1,820. When Dr. Anthon learned of the settlements, he sent respondent several letters demanding payment. Despite promising to resolve the matter, respondent failed to do so. In February 2001, Dr. Anthon filed a complaint against respondent with the ODC.
The ODC alleged that respondent’s conduct violated the following Rules of Professional Conduct: Rules 1.15 (safekeeping property of clients or third parties) and 8.4(a).

02-DB-085

In 2000, Ivory Williams paid respondent $500 to handle a criminal matter. Specifically, respondent was to seek a modification or amendment of Mr. Williams’ sentence and have Mr. Williams’ Department of Corrections records corrected so that Mr. Williams’ parole eligibility date could be adjusted. Respondent neglected the matter and failed to communicate with Mr. Williams. Respondent also failed to account for any earned portion and to refund the unearned portion of the legal fee Mr. Williams paid. Finally, respondent failed to cooperate with the ODC in its investigation of the complaint filed by Mr. Williams.
The ODC alleged that respondent’s conduct violated the following Rules of Professional Conduct: Rules 1.3, 1.4, 1.5(f) (failure to refund an unearned fee), 1.16(d), 8.1(c), 8.4(a), and 8.4(g).
DISCIPLINARY PROCEEDINGS
17Both sets of formal charges were served upon respondent personally. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were, deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

After consideration of the ODC’s submission in response to the deemed admitted order, the hearing committee found that respondent violated the Rules of Professional Conduct as alleged in the formal charges. Respondent failed to keep his clients informed of the status of their cases, appeared in court while ineligible to practice law, failed to appear for a scheduled court date, abandoned clients, and did not protect his clients’ interests upon termination of his representation. Respondent also failed to refund unearned fees and failed to pay medical bills out of settlement proceeds. Furthermore, respondent did not complete his MCLE requirements and failed to cooperate with the ODC in its investigation.
*971 The committee determined that respondent violated duties owed to his clients, the public, the legal system, and the profession. He acted knowingly and intentionally, causing harm to his clients, a third-party medical provider, the legal system, and the profession.
Considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the baseline sanction for respondent’s misconduct to be a period of suspension. The committee found no mitigating factors. However, as ^aggravating factors, the committee recognized respondent’s prior disciplinary offenses, dishonest or selfish motive, pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, and indifference to making restitution.
Under these circumstances, and relying on the prior jurisprudence considering conduct similar to respondent’s, the committee recommended that respondent be suspended from the practice of law for three years and be required to attend the Louisiana State Bar Association’s Ethics School.
Neither respondent nor the ODC objected to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board found that the deemed admitted facts support the conclusion that respondent violated the Rules of Professional Conduct as alleged in both sets of formal charges. Respondent violated duties owed to his clients, the legal system, and as a professional. His misconduct was partly knowing and partly intentional. He failed to return an unearned fee to Mr. Williams and failed to pay Dr. Anthon out of settlement proceeds. Respondent harmed Mr. Gregory by not preparing for or appearing at the child support hearing. He harmed Mr. Watson by failing to notify him of a trial date, which resulted in an adverse judgment against Mr. Watson. Respondent failed to work on Mr. Williams’ sentence modification or correct the records maintained by the Department of Corrections. Furthermore, respondent harmed the legal system by filing pleadings 19and appearing in court while ineligible to practice law. The baseline sanction for such conduct is a suspension from the practice of law.
The board found the following aggravating factors are present in this case: prior disciplinary offenses, a pattern of misconduct, multiple offenses, and bad faith obstruction of the disciplinary system by intentionally failing to comply with the rules or orders of the disciplinary agency. No mitigating factors were found.
Under these circumstances, and relying on the prior jurisprudence considering conduct similar to respondent’s,[3] the board recommended that respondent be suspended from the practice of law for three years. The board also recommended that respondent be required to attend Ethics School and that he be ordered to provide account-ings and make restitution to his clients and Dr. Anthon. Finally, the board recommended that respondent be assessed with all costs and expenses of these proceedings.
*972 Two board members dissented and would recommend the imposition of disbarment to “better protect the unsuspecting public.”
The ODC filed an objection in this court to the disciplinary board’s recommendation, seeking the imposition of disbarment. Pursuant to Supreme Court Rule XIX, § 11(G)(1)(b), a timely filed objection to the board’s findings and recommendations ordinarily results in the assignment of the matter for oral argument. However, prior to the docketing of the case for oral argument, the ODC moved to waive oral argument. Respondent was invited to respond to the motion, but failed to lindo so. On September 1, 2004, this court granted the ODC’s motion to waive oral argument and consented to consider the matter on the record presented.
JyDISCUSSION
The deemed admitted facts in this case establish that respondent has violated Rules 1.1(b),[4] 1.3, 1.4, 1.5(f), 1.15, 1.16(d), 5.5(a), 8.1(c), 8.4(a), 8.4(d), and 8.4(g) of the Rules of Professional Conduct. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent repeatedly violated duties owed to his clients, the legal system, and the profession. His conduct was at least knowing, if not intentional, and he caused actual harm to his clients, a third-party medical provider, the legal system, and the profession. This court has imposed disbarment for similar misconduct coupled with numerous aggravating factors in the cases of In re: Gibson, 00-2658 (La.11/27/00), 773 So.2d 691, and In re: Richard, 00-1418 (La.8/31/00), 767 So.2d 36, and we find the sanction of disbarment is likewise appropriate here. Respondent’s long history of failing to pay his bar dues and the disciplinary assessment, and of failing to complete his MCLE requirements, demonstrate that he has no respect for his obligations as a professional. This fact, coupled with respondent’s apparent lack of concern for the welfare of his clients, third persons, and the administration of justice, | ^suggest to us that he is not fit to practice law in Louisiana. Respondent must be disbarred.
Accordingly, we will reject the disciplinary board’s recommendation of a three-year suspension and impose disbarment.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Edward B. Domm, IV, Louisiana Bar Roll number 22039, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. *973 Respondent is ordered to make restitution of all monies owed to clients and third parties and to attend the Louisiana State Bar Association’s Ethics School. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent was expelled from the law firm of Curet, Barron & Domm on September 17, 1998 after approximately three weeks of having no contact with the firm.

. Respondent appeared at trial and represented to the judge that he had tried to contact Mr. Watson but had not heard from him.

. The board particularly noted In re: Maxwell, 00-3527 (La.3/30/01), 783 So.2d 1244, and In re: Wyche, 00-0029 (La.3/31/00), 756 So.2d 311, both of which resulted in a three-year suspension for neglect of legal matters, failure to communicate with clients, failure to account for and return unearned fees, and practicing law while ineligible to do so.

. Though the question is largely academic in light of respondent's numerous other violations, we find that he did not violate Rule 1.1(b) in Count I of 02-DB-025. Respondent was not MCLE-ineligible in 1996 or 1997, the time period covered by that particular count of the formal charges. The court's records indicate that respondent did not become ineligible for failing to complete his MCLE requirements until August 1, 1999.