*928
 
 11ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Donald Ray Smith, an attorney licensed to practice law in Louisiana but currently on interim suspension for threat of harm to the public.
 
 In re: Smith,
 
 09-0183 (La.2/4/09), 999 So.2d 1130.
 

 UNDERLYING FACTS AND PROCEDURAL HISTORY
 

 The ODC filed three separate sets of formal charges against respondent, con
 
 *929
 
 sisting of a total of seven counts of misconduct. Respondent failed to answer or otherwise reply to any of the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration in any of the three matters.
 

 The formal charges were considered by separate hearing committees before being consolidated by order of the disciplinary board. The board subsequently filed in this court a single recommendation of discipline encompassing all three sets of formal charges.
 

 UM-DB-020
 

 Count I
 

 In October 2004, respondent referred several clients to chiropractor George Putnam for treatment. The clients were treated and released in February 2005. In April 2005, respondent settled his clients’ personal injury claims and withheld funds for payment of their medical treatment. However, respondent did not pay Dr. Putnam’s bills on behalf of his clients. He also did not respond to Dr. Putnam’s numerous telephone calls to his home and office regarding payment.
 

 In June 2005, Dr. Putnam filed a complaint against respondent with the ODC. Respondent failed to respond to the complaint, necessitating the issuance of a subpoena for the ODC to obtain his sworn statement. Despite being personally served with the subpoena, respondent did not appear. He assured the ODC that he would reschedule the sworn statement but, thereafter, became inaccessible to the ODC. Respondent also failed to update his registration address with the Louisiana State Bar Association (“LSBA”).
 

 The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(d) (engaging in conduct prejudicial to the administration of justice). The ODC also alleged that respondent violated Supreme Court Rule XIX, § 8(C) by failing to file an annual registration statement with the LSBA.
 

 |
 
 ¡¿Counts II and III
 

 Respondent has been ineligible to practice law since September 7, 2004 for failing to pay bar dues and the disciplinary assessment. He has also been ineligible to practice law since February 4, 2005 for failure to comply with mandatory continuing legal education (“MCLE”) requirements.
 

 During this period, respondent filed an answer and discovery pleadings on behalf of the defendants in
 
 Darryl F. King v. RAJEH, et al.,
 
 No. 0412-11084-C on the docket of the Baton Rouge City Court. In these pleadings, respondent provided the court with an invalid telephone number and did not update or correct his contact information. He further failed to update his registration address with the LSBA. Respondent also failed to maintain contact with his clients during the representation, and relocated to Baton Rouge without notifying his clients.
 

 In December 2005, respondent’s clients hired attorney Dale Baringer to represent them. Mr. Baringer was unable to contact respondent at either his published telephone number or the telephone number
 
 *930
 
 listed on the pleadings. As such, Mr. Bar-inger filed an
 
 ex parte
 
 motion and order to substitute counsel. On December 16, 2005, the trial judge ordered respondent removed as counsel of record for the defendants. Thereafter, Mr. Baringer filed a complaint against respondent with the ODC. Respondent failed to respond to the complaint and evaded service of a subpoena to obtain his sworn statement.
 

 The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(b) (failure to comply with MCLE requirements), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.16(c) (a lawyer must comply with applicable law requiring notice to or permission of a tribunal when ^terminating a representation), 1.16(d) (obligations upon termination of a representation), 3.4(c), 5.5(a) (engaging in the unauthorized practice of law), and 8.1(c). The ODC also alleged that respondent violated Supreme Court Rule XIX, § 8(A) by failing to pay his bar dues and § 8(C) by failing to file an annual registration statement with the LSBA.
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission in 06-DB-020, the hearing committee determined that the factual allegations of the formal charges were deemed admitted. The committee did not make specific findings regarding rule violations, but it did determine that, by violating the Rules of Professional Conduct, respondent knowingly and intentionally violated duties owed to his clients, the public, and the legal profession. Relying on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined that the applicable baseline sanction is disbarment. The committee did not specify aggravating factors but determined that there are no mitigating factors present. After further considering this court’s prior jurisprudence, the committee recommended that respondent be disbarred.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 08-DB-025
 

 Count I
 

 Ronald Landeche hired respondent to handle a personal injury matter. Stagni Chiropractic treated Mr. Landeche and, on January 25, 2007, issued a medical narrative report with an invoice for $1,135.
 

 | sin February 2007, respondent settled Mr. Landeche’s claim for $3,900. Respondent disbursed $1,480 to Mr. Landeche on February 9, 2007 but failed to pay Stagni Chiropractic. Respondent also failed to provide Mr. Landeche with a settlement statement or disbursement sheet. Thereafter, respondent became inaccessible to Mr. Landeche.
 

 In June 2007, Mr. Landeche filed a complaint against respondent with the ODC. Respondent failed to respond to the complaint.
 

 The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.15(a) (safekeeping property of clients or third persons), 1.15(d) (failure to timely remit funds to a client or third person), 8.1(c), 8.4(a), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
 

 Counts II & III
 

 In September 2007, Charlene Randolph hired respondent to handle her divorce. Ms. Randolph paid respondent $850 for the representation. Thereafter, respondent failed to communicate with Ms. Randolph and did not take any action on her
 
 *931
 
 behalf. Respondent failed to account for or refund any portion of the fee to Ms. Randolph and failed to return her documents to her. Respondent also closed his law practice, abandoning his client.
 

 In February 2008, Ms. Randolph filed a complaint against respondent with the ODC. However, because respondent failed to update his registration information with the LSBA, notice of the complaint to respondent was returned.
 

 | ¡¡As previously noted, respondent has been ineligible to practice law since September 7, 2004. Accordingly, he was ineligible to practice law when he accepted the representation of Ms. Randolph.
 

 The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5(f) (failure to account for or refund an unearned fee), 1.16(d), 5.5(a), 8.4(a), and 8.4(c). The ODC also alleged that respondent violated Supreme Court Rule XIX, § 8(C) by failing to file an annual registration statement with the LSBA.
 

 Heating Committee Report
 

 After considering the ODC’s deemed admitted submission in 08-DB-025, the hearing committee determined that all of the factual allegations are deemed admitted and proven by clear and convincing evidence. Based on these facts, the committee determined that respondent violated Rules 1.3, 1.4, 1.5(f), 1.15(a), 1.15(d), 1.16(d), 8.1(c), 8.4(a), and 8.4(c) of the Rules of Professional Conduct.
 

 The committee determined that respondent intentionally violated duties owed to his clients and the legal profession. His conduct harmed Stagni Chiropractic and Ms. Randolph. Relying on the ABA’s
 
 Standards for Imposing Latvyer Sanctions,
 
 the committee determined that the baseline sanction is disbarment.
 

 In aggravation, the committee found a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, and “total indifference to these proceedings.” The only mitigating factor the committee found was the absence of a prior disciplinary record.
 

 |7Under these circumstances, the committee recommended that respondent be disbarred.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommended sanction.
 

 08-DB-043
 

 Count I
 

 In August 2007, Marsha Joubert paid respondent $800 to handle her divorce. Thereafter, respondent failed to communicate with Ms. Joubert and did not take any action on her behalf. Respondent also did not inform Ms. Joubert that he had been ineligible to practice law since September 7, 2004.
 

 In October 2007, Ms. Joubert filed a complaint against respondent with the ODC. Notice of the complaint to respondent was returned “undeliverable as addressed-forwarding order expired.” Respondent failed to update his registration information with the LSBA and failed to cooperate with the ODC in its investigation.
 

 The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5(a) (charging an unreasonable fee), 1.5(f), 1.16(d), 5.5(a), 8.1(c), and 8.4(a). The ODC also alleged that respondent violated Supreme Court Rule XIX, § 8(C).
 

 
 *932
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission in 08-DB-043, the hearing committee found that Ms. Joubert indicated respondent did not tell her he was ineligible to practice law when she hired him. Ms. Joubert did not recall signing a contract with respondent and indicated that her first meeting with respondent was the Isonly time she spoke with him. He gave her his cell phone number and his mother’s phone number, but shortly after she paid him the $800 fee, his cell phone number was disconnected. Ms. Joubert has since hired another attorney, who has filed her divorce petition.
 

 Based on these findings, the committee determined that respondent violated the Rules of Professional Conduct and Supreme Court Rule XIX as alleged in the formal charges.
 

 After further considering this court’s prior jurisprudence and the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee recommended that respondent be disbarred. The committee also recommended that respondent make restitution to Ms. Joubert.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommended sanction.
 

 Disciplinary Board Recommendation
 

 06-DB-020, 08-DB-025 & 08-DB-043
 

 After review, the disciplinary board found that the factual allegations of the formal charges in these consolidated matters are deemed admitted and proven by clear and convincing evidence. In 06-DB-020, the board found that respondent violated the Rules of Professional Conduct and Supreme Court Rule XIX as alleged in the formal charges. In 08-DB-025 and 08-DB-043, the board adopted the rule violations found by the committee except the finding in 08-DB-043 that respondent violated Rule 1.5(a), determining that there is no factual allegation or evidence to indicate the $800 fee respondent charged and collected from Ms. Joubert was unreasonable.
 

 |nThe board determined that respondent knowingly, if not intentionally, violated duties owed to his clients, the legal system, and the legal profession. He caused serious actual harm to Ms. Randolph, Ms. Joubert, and the third-party medical providers. He also caused potentially serious harm to his clients by practicing law while ineligible and to the legal system and the ODC by ignoring the ODC’s subpoenas. The board determined that the baseline sanction is disbarment based on the ABA’s
 
 Standards for Imposing Lawyer Sanctions.
 

 The board found the following aggravating factors present: a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victims, and indifference to making restitution. The only mitigating factor the board found was the absence of a prior disciplinary record.
 

 Citing
 
 In re: Domm,
 
 04-1194 (La.10/8/04), 883 So.2d 966, wherein this court disbarred an attorney for misconduct similar to respondent’s, the board recommended that respondent be disbarred. The board also recommended that respondent be ordered to pay restitution to his victims.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La.
 
 *933
 
 Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has|inbeen proven by clear and convincing evidence.
 
 In re: Quaid,
 
 94-1316 (La.11/30/94), 646 So.2d 343;
 
 Louisiana State Bar Ass’n v. Boutall,
 
 597 So.2d 444 (La.1992).
 

 In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations.
 
 In re: Donnan,
 
 01-3058 (La.1/10/03), 838 So.2d 715.
 

 The deemed admitted facts in this consolidated matter indicate that respondent failed to pay bar dues and the disciplinary assessment, failed to comply with MCLE requirements, failed to update his address with the LSBA, practiced law while ineligible, failed to pay funds due to third-party medical providers, neglected legal matters, failed to communicate with clients, failed to fulfill his obligations upon terminating the representation of his clients, failed to refund unearned fees, and failed to cooperate with the ODC.
 

 Based on this conduct, respondent violated the Rules of Professional Conduct as alleged in the formal charges, with the one exception the disciplinary board pointed out in 08-DB-043 — there is no evidence that the $800 fee respondent charged to handle Ms. Joubert’s divorce was unreasonable; thus, there is not clear and convincing evidence that respondent violated Rule 1.5(a). Respondent also violated Supreme Court Rule XIX, § 8(A) and 8(C) as alleged by the ODC.
 

 |n Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 Respondent knowingly and intentionally violated duties owed to his clients, the legal system, and the legal profession. His conduct caused actual and potential harm. The baseline sanction for this type of misconduct is disbarment. The record supports the aggravating and mitigating factors found by the board.
 

 At the time of his interim suspension, respondent had been ineligible to practice law for almost four and a half years. In that time, he made no effort to cure his ineligibility, yet he continued to practice law. His conduct suggests he lacks respect for his professional obligations and duties as well as for his clients.
 

 Accordingly, we will adopt the disciplinary board’s recommendation and disbar respondent, retroactive to February 4, 2009, the date of his interim suspension. We further order respondent to make full restitution to his victims.
 

 
 *934
 
 DECREE
 

 Upon review of the findings and recommendations of the hearing committees and the disciplinary board, and considering the record, it is ordered that the name of Donald Ray Smith, Louisiana Bar Roll number 24881, be stricken from the roll of | i2attorneys and that his license to practice law in the State of Louisiana be revoked, retroactive to the date of his interim suspension in
 
 In re: Smith,
 
 09-0183 (La.2/4/09), 999 So.2d 1130. It is further ordered that respondent make full restitution to his victims. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice
 
 Pro Tem-
 
 pore, participating in the decision.