*903 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
| ¶ This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Donald Ray Smith, a disbarred attorney.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1997. On February 4, 2009, respondent was placed on interim suspension for threat of harm to the public. In re: Smith, 09-0183 (La.2/4/09), 999 So.2d 1130. Thereafter, he was disbarred, retroactive to the date of his interim suspension, for multiple counts of misconduct which occurred between 2004 and 2007, including practicing law while ineligible to do so, failing to pay third-party medical providers, neglecting legal matters, failing to communicate with clients, failing to fulfill his obligations upon terminating the representation of his clients, failing to refund unearned fees, and failing to cooperate with the ODC. In re: Smith, 09-1141 (La.9/25/09), 17 So.3d 927 (“Smith I”).
Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
| .FORMAL CHARGES
Effective September 7, 2004, respondent was declared ineligible to practice law for failure to pay his bar dues and the disciplinary assessment. Nevertheless, respondent continued to practice law after his certification of ineligibility. In March 2008, his elderly aunt, Christine Sims, a resident of Mississippi, was struck by an unlicensed and uninsured motorist in a Wal-Mart parking lot in Jackson, Mississippi. Respondent offered to assist Ms. *904 Sims with her claim by contacting Wal-Mart. Respondent later informed Ms. Sims that he was working with her insurance company, State Farm Mutual Automobile Insurance Company (“State Farm”), to resolve the matter. In April 2008, respondent sent a letter of representation to State Farm.[1] He subsequently notified State Farm that he was authorized to settle Ms. Sims’ claim for $30,000. However, respondent had neither a fee agreement nor a contract with Ms. Sims.
In July 2008, State Farm issued a $10,000 settlement check payable to Ms. Sims and respondent. Without Ms. Sims’ knowledge or consent, respondent endorsed and cashed the check. Thereafter, respondent retained the proceeds for his own use and benefit. Ms. Sims heard nothing further from respondent and received no portion of the settlement proceeds.
In March 2009, Ms. Sims filed a complaint against respondent with the ODC. Respondent failed to cooperate with the ODC in its investigation of the complaint.
DISCIPLINARY PROCEEDINGS
In September 2010, the ODC filed one count of formal charges against respondent, alleging his conduct as set forth above violated Rules 1.2(a) (scope of lathe representation), 1.4 (failure to communicate with a client), 1.15(a) (safekeeping property of clients or third persons), 1.15(d) (failure to promptly deliver funds owed to a client or third person), 5.5(a) (engaging in the unauthorized practice of law), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct.
Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee adopted the deemed admitted factual allegations of the formal charges as its factual findings. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as charged.
The committee further determined respondent violated duties owed to his client, the public, the legal system, and the legal profession. Respondent caused damage to his client by depriving her of funds to which she was entitled. According to the committee, respondent’s dishonesty is the type of conduct that erodes the public’s trust and confidence in the legal profession and the legal system. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the baseline sanction is disbarment.
|4In aggravation, the committee found prior disciplinary offenses and a dishonest or selfish motive. The committee found no mitigating factors present.
*905 After considering respondent’s conduct in light of the prior jurisprudence of this court and the lack of mitigating factors, the committee recommended respondent be disbarred. The committee also recommended that respondent be ordered to pay to Ms. Sims all sums collected by him on her behalf, or that are attributable to her claim, and pay the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation. However, in its brief to the disciplinary board, the ODC argued respondent deserves no leniency and should be permanently disbarred.

Disciplinary Board Recommendation

After review, the disciplinary board determined the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence. Based on the deemed admitted facts, the board determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board further determined respondent violated duties owed to his client, the public, the legal system, and the legal profession. He acted knowingly and intentionally, and his misconduct resulted in actual harm. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the baseline sanction is disbarment.
In aggravation, the board found the following factors are present: prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct, bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victim, ^substantial experience in the practice of law (admitted 1997), and indifference to making restitution. The board found no mitigating factors present.
Turning to the issue of an appropriate sanction, the board found that respondent’s conduct warrants permanent disbarment. In Smith I, respondent was disbarred for a total of seven counts of misconduct, including multiple counts of conversion. In the present formal charges, respondent converted Ms. Sims’ settlement funds and intentionally concealed from her the status of her case and his ineligibility to practice law. While the facts of this case do not fit squarely within the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E,[2] considering the clear pattern of respondent’s misconduct which evolved over a period of several years, the board recommended he be permanently disbarred. The board also recommended respondent be ordered to make restitution of the converted settlement funds to Ms. Sims or to the Client Assistance Fund, as appropriate, and pay the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. *906 Const, art. Y, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
|fiIn cases in which the lawyer does not - answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent practiced law while ineligible to do so, settled his client’s claim without her knowledge or consent, converted the settlement funds to his own use, and failed to cooperate with the ODC in its investigation. Based on these facts, respondent has violated the Rules of Professional Conduct as charged by the ODC.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent knowingly and intentionally violated duties owed to his client, the public, the legal system, and the legal profession. His misconduct caused significant actual harm. The baseline sanction for this type of misconduct is 17disbarment. However, in its report, the disciplinary board concluded that respondent’s offenses are so egregious that he should be permanently prohibited from applying for readmission to the bar.
We agree. While we do not, strictly speaking, consider the misconduct in this case together with the misconduct at issue in Smith I, the earlier misconduct is relevant for purposes of assessing respondent’s fitness to practice law.[3] We note that he has victimized both clients and third parties in the past, and it is highly likely he will continue to do so in the future if given an opportunity. His conduct demonstrates a lack of regard for his clients and for his duties as an attorney. In order to protect the public and maintain the high standards of the legal profession *907 in this state, we conclude respondent should not be allowed the opportunity to return to the practice of law in the future.
Accordingly, we will adopt the board’s recommendation and permanently disbar respondent. We will also order respondent to make restitution to Ms. Sims, or to the bar association’s Client Assistance Fund, as applicable.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Donald Ray Smith, Louisiana Bar Roll number 24881, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. Respondent is ordered to make restitution to Christine Sims, or to the | ¡¡Louisiana State Bar Association’s Client Assistance Fund, as applicable. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.

. In addition to the fact that he was ineligible to practice law in Louisiana at this time, the record reveals that respondent was not licensed to practice law in Mississippi, where Ms. Sims resided and where her accident occurred.

. The board correctly determined that Guideline 1 does not apply, because the current complaint involves a single conversion of funds from a single client, not the "repeated or multiple instances” of conversion of client funds contemplated by Guideline 1. Likewise, the board was correct in its determination that Guideline 9 (serious attorney misconduct or conviction of a serious crime preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime) does not apply because respondent’s misconduct in this case occurred prior to his 2009 disbarment in Smith I.

. In Louisiana State Bar Ass'n v. Chatelain, 573 So.2d 470 (La.1991), we observed that when a second attorney disciplinary proceeding involves conduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously. However, the Chatelain approach is not applicable in this case, as the instant misconduct occurred after the misconduct in Smith I.