958 So.2d 671 (2007)
In re Michael Chris AGUILLARD.
No. 2007-B-0351.
Supreme Court of Louisiana.
June 15, 2007.
*672 PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Michael Chris Aguillard, an attorney licensed to practice law in Louisiana but currently on interim suspension pursuant to our order in In re: Aguillard, 05-2237 (La.9/19/05), 913 So.2d 114.

UNDERLYING FACTS
In September 2005, in the aftermath of Hurricane Katrina, respondent made Internet contact with a person whom he believed to be a thirteen-year old evacuee from New Orleans. Respondent arranged to meet the girl in a park in Broussard, Louisiana for the purpose of engaging in sexual relations. In reality, the "girl" was an investigator from the Louisiana Attorney General's Office, which had been conducting an online undercover operation in cooperation with the Lafayette Police Department. When respondent arrived at the park on September 13, 2005 to meet the girl, he was arrested and charged in East Baton Rouge Parish with one count of computer-aided solicitation of a minor.[1]
Subsequent investigation of information found on respondent's computer hard drive revealed that he had previously engaged in sexual intercourse with a fifteen-year old girl from Arnaudville, Louisiana. On September 16, 2005, respondent was rearrested in St. Landry Parish and charged with carnal knowledge of a juvenile and indecent behavior with a juvenile.
On April 24, 2006, respondent pleaded guilty in East Baton Rouge Parish to one felony count of computer-aided solicitation of a minor. Respondent was sentenced to serve three years at hard labor without benefit of parole, probation, or suspension of sentence. He was also required to register as a sex offender. On May 2, 2006, respondent pleaded guilty in St. Landry Parish to two felony counts of carnal knowledge of a juvenile. Respondent was sentenced to serve nine years at hard labor on each count to run concurrently, but consecutive with the sentence imposed in East Baton Rouge Parish. All but one year of the sentence was suspended and respondent was placed on five years active supervised probation, to commence upon his release from prison. Respondent is currently in the custody of the Louisiana Department of Corrections.

DISCIPLINARY PROCEEDINGS
On May 3, 2006, the ODC filed two counts of formal charges against respondent, alleging that his conduct constituted a violation of Rules 8.4(a) (violation of the Rules of Professional Conduct) and 8.4(b) (commission of a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) of the Rules of Professional Conduct. Respondent was personally served with the formal charges on May 4, 2006.
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, *673 the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.

Hearing Committee Recommendation
After consideration of the ODC's submission in response to the deemed admitted order, the hearing committee determined that respondent violated Rule 8.4(b) of the Rules of Professional Conduct. The committee found that respondent knowingly and intentionally violated duties owed to the public, the legal system, and as a professional. Respondent's conduct in taking advantage of minors, particularly in the aftermath of Hurricane Katrina, caused both actual and potential injury to the victims. The applicable baseline sanction is disbarment.
Finding that no mitigating circumstances are present, and considering the permanent disbarment guidelines set forth in Appendix E to the Rules for Lawyer Disciplinary Enforcement, the committee recommended that respondent be permanently disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee's recommendation.

Disciplinary Board Recommendation
Noting the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence, the disciplinary board agreed that respondent violated the Rules of Professional Conduct as charged in the formal charges. The board found that respondent intentionally violated duties owed to the public, causing irreversible actual harm to the juvenile victim and to the public's confidence in the profession. The board agreed that disbarment is the baseline sanction for respondent's misconduct.
In mitigation, the board acknowledged the following factors: absence of a prior disciplinary record and the imposition of other penalties or sanctions in the criminal cases. The board found the following aggravating factors are present: a pattern of misconduct, multiple offenses, vulnerability of the victim, and illegal conduct.
Turning to the issue of an appropriate sanction, the board found respondent's conduct fits within Guideline 4 of the permanent disbarment guidelines (sexual misconduct which results in a felony criminal conviction, such as rape or child molestation). Respondent believed that he was soliciting a thirteen-year old girl and arranged to meet her at a park when instead he was greeted by law enforcement officials. This arrest resulted in the discovery of respondent's involvement with a fifteen-year old girl, which resulted in his conviction of two counts of carnal knowledge of a juvenile. Respondent plainly meets the criteria for permanent disbarment.
Based on this reasoning, the board recommended respondent be permanently disbarred. The board also recommended that respondent be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection in this court to the disciplinary board's recommendation.

DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether *674 respondent's crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76; Louisiana State Bar Ass'n v. Wilkinson, 562 So.2d 902 (La.1990). The discipline to be imposed depends on the seriousness of the offense and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Perez, 550 So.2d 188 (La.1989).
In the instant case, respondent stands convicted of computer-aided solicitation of a minor and carnal knowledge of a juvenile. These crimes are felonies under state law and clearly warrant serious discipline. The only issue to be resolved by this court is the appropriate sanction for respondent's misconduct.
The documentary evidence submitted by the ODC in this case reflects that respondent attempted to arrange a sexual encounter with a thirteen-year old girl via the Internet. However, when he showed up to meet the "girl," respondent was arrested by law enforcement officials who had posed as teenage evacuees from New Orleans in the aftermath of Hurricane Katrina. It was later discovered that respondent had met another underage girl on the Internet and actually had sexual intercourse with her on two occasions. Under these circumstances, disbarment is clearly appropriate. However, in their respective reports, the hearing committee and the disciplinary board have concluded that respondent's offenses are so egregious that he should be permanently prohibited from applying for readmission to the bar.
We agree. In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might warrant permanent disbarment. While these guidelines are not intended to bind this court in its decision-making process, they present useful information concerning the types of conduct we might consider worthy of permanent disbarment. For purposes of the instant case, Guideline 4 is relevant. That guideline provides:
GUIDELINE 4. Sexual misconduct which results in a felony criminal conviction, such as rape or child molestation.
Respondent's conduct clearly falls within the scope of this guideline, as he has pleaded guilty to two felony sexual offenses involving minors.
Under the circumstances of this case, the imposition of any sanction less than permanent disbarment would require us to ignore the seriousness of respondent's conduct and the grave harm he has done to his juvenile victim and to the public's confidence in the legal profession. We will therefore accept the disciplinary board's recommendation and permanently disbar respondent.

DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Michael Chris Aguillard, Louisiana Bar Roll number 28863, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[1] La. R.S. 14:81.3(A) defines computer-aided solicitation of a minor as follows:

Computer-aided solicitation of a minor is committed when a person eighteen years of age or older knowingly contacts or communicates, through the use of electronic textual communication, with a person who has not yet attained the age of eighteen or a person reasonably believed to have not yet attained the age of eighteen, for the purpose of or with the intent to persuade, induce, entice, or coerce the person to engage or participate in sexual conduct or a crime of violence as defined in R.S. 14:2(B), or with the intent to engage or participate in sexual conduct in the presence of the person who has not yet attained the age of eighteen, or person reasonably believed to have not yet attained the age of eighteen.