965 So.2d 380 (2007)
In re Edward B. DOMM, IV.
No. 2007-B-0348.
Supreme Court of Louisiana.
September 21, 2007.

*381 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Edward B. Domm, IV, a disbarred attorney.

PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent's prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1993. In 1997, he was admonished by the disciplinary board for neglecting a legal matter, failing to account for an advance deposit for fees and costs, practicing law while ineligible to do so, and engaging in conduct prejudicial to the administration of justice. In 1998, respondent was admonished for revealing confidential client information to a third party without the client's consent.
In 2004, this court considered a proceeding involving two sets of formal charges against respondent for misconduct that occurred between 1996 and 2002. These charges alleged that respondent failed to comply with the minimum requirements of continuing legal education, practiced law while ineligible to do so, neglected legal matters, failed to communicate with his clients, failed to fulfill his obligations upon the termination of the representation, mishandled third-party funds, failed to account for or refund unearned fees, engaged in conduct prejudicial to the administration of justice, and failed to cooperate with the ODC in its investigation. After considering the record, we disbarred respondent. In re: Domm, 04-1194 (La.10/8/04), 883 So.2d 966 ("Domm I").
Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.

UNDERLYING FACTS
The ODC filed two sets of formal charges against respondent. The first set of formal charges, consisting of one count and bearing the disciplinary board's docket number 05-DB-051, was filed on May 16, 2005. The second set of formal charges, filed on October 5, 2005 in the disciplinary board's docket number 05-DB-077, likewise consists of one count. The two sets of formal charges were consolidated by order of the hearing committee chair dated January 24, 2006.

05-DB-051
In 1999, Tina M. Waller retained respondent to handle a dispute with an insurance company over annuity payments. Ms. Waller provided respondent with all of the information concerning her annuity. However, respondent failed to complete the representation, failed to respond to Ms. Waller's repeated requests for information, and failed to return the file. Without her file, Ms. Waller experienced difficulty in retaining new counsel to handle the annuity matter.
In October 2002, Ms. Waller filed a complaint against respondent with the ODC. The ODC forwarded a copy of the complaint to respondent by certified mail on November 22, 2002. Respondent did not claim the certified mail, and accordingly, on January 13, 2003, the ODC's investigator personally served respondent with a *382 copy of the complaint. Respondent failed to reply to Ms. Waller's complaint, necessitating the issuance of a subpoena compelling him to appear on March 11, 2003 and answer the complaint under oath. Respondent failed to appear on that date. The ODC then issued a second subpoena for respondent's sworn statement on August 13, 2003. Once again, respondent failed to appear.
The ODC alleged that respondent's conduct violated the following Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.16(d) (obligations upon termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(g) (failure to cooperate with the ODC in its investigation).

05-DB-077
In 2001, respondent represented a client in a child custody matter. Respondent befriended the client and her nine-year old stepdaughter, K.H., who often stayed overnight at respondent's home to play with his young daughter.[1] In February 2002, the Livingston Parish Sheriff's Office received a complaint that respondent had molested K.H. in December 2001. On February 4, 2002, K.H. gave a videotaped statement to a counselor from Child Protective Services in which she stated that she sat on respondent's lap while watching a video at his home one night and that he then touched her vagina on the outside of her clothes. Respondent voluntarily gave a statement to the police and denied these allegations; however, based upon K.H.'s statement, a warrant was issued for his arrest on one count of molestation of a juvenile.
The criminal charges against respondent were subsequently forwarded to the Louisiana Attorney General's Office for prosecution. In May 2004, K.H.'s stepmother decided that K.H. would not testify against respondent. As a result, the case against respondent was dismissed.
The ODC alleged that respondent's conduct violated the following Rules of Professional Conduct: Rules 8.4(a) and 8.4(b) (commission of a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer).

DISCIPLINARY PROCEEDINGS
Both sets of formal charges were served upon respondent personally. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.

Hearing Committee Report
After consideration of the ODC's submission in response to the deemed admitted order, the hearing committee found that respondent violated the Rules of Professional Conduct as alleged in the formal charges. Respondent abandoned Ms. Waller's legal matter and essentially refused to provide her with the documentation to pursue her claim with new counsel. He molested a minor child, causing her serious *383 harm. Respondent also harmed the disciplinary system by failing to cooperate with the ODC in a disciplinary investigation. The baseline sanction for respondent's misconduct ranges from a period of suspension to disbarment.
In aggravation, the committee recognized the following factors: prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victim, substantial experience in the practice of law, and illegal conduct. The committee found no mitigating circumstances are present.
The committee then turned to an analysis of the permanent disbarment guidelines set forth in Appendix E to the Rules for Lawyer Disciplinary Enforcement. The committee found Guidelines 4 (sexual misconduct which results in a felony criminal conviction, such as rape or child molestation) and 9 (instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime) to be applicable in this matter. The committee reasoned:
Under the Louisiana Supreme Court Rule XIX, Section 19(B), the term "serious crime" means a "felony or any other crime, the necessary element of which as determined by the statute defining such crime, reflects upon the attorney's moral fitness to practice law." The molestation of a 9-year-old girl by a 37-year-old male is such a serious crime. However, the minor child's guardian made a decision not to prosecute the alleged criminal violation. So, unlike where a criminal conviction is obtained, there is no determination that respondent violated a statute that would provide conclusive proof of respondent's guilt under Louisiana Supreme Court Rule XIX, Section 19(E). However, there is more than ample evidence in the record, evidence that was not denied by respondent and is now deemed admitted, to support a finding that respondent knowingly and intentionally engaged in conduct involving moral depravity with a minor child. The molestation of the 9-year-old girl proves by [clear] and convincing evidence the lack of moral fitness of the respondent to practice law. . . .
Based on this reasoning, the committee recommended that respondent be permanently disbarred.
Neither respondent nor the ODC objected to the hearing committee's recommendation.

Disciplinary Board Recommendation
After reviewing this matter, the disciplinary board found that the deemed admitted facts support the conclusion that respondent violated the Rules of Professional Conduct as alleged in both sets of formal charges. The disciplinary system suffered harm and expense when respondent failed to cooperate with the ODC in its investigation. Respondent violated his duty to Ms. Waller by failing to diligently pursue her claim, to communicate with her, and to return her file. The failure to return Ms. Waller's file delayed her ability to obtain other counsel, which delayed her receipt of the annuity payments allegedly due to her. In 05-DB-077, respondent violated his duty of trust to his client by betraying the trust she placed in him when she allowed her minor stepdaughter to stay the night at his home. The harm to the minor victim was serious and immeasurable. Respondent's actions as a whole, especially the publicity of his arrest for *384 child molestation,[2] have brought harm to the profession. Given his prior disciplinary record, respondent's actions were knowing, if not intentional. The failure to cooperate with the ODC was intentional conduct.
In aggravation, the board recognized the following factors: prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victim, substantial experience in the practice of law, and illegal conduct. The board found no mitigating circumstances are present.
Turning to the issue of an appropriate sanction, the board noted that while respondent's conduct in the second set of formal charges does not technically fall within the parameters of Guideline 4 of the permanent disbarment guidelines, Guideline 4 is nonetheless applicable as respondent's conduct "can be placed within the scope of this guideline." The guidelines are merely illustrative and it is within the court's discretion to permanently disbar respondent even though he was not convicted of child molestation. In a bar admissions case, In re: Hinson-Lyles, 02-2578 (La.12/3/03), 864 So.2d 108, the applicant was a former high school teacher who had been convicted of carnal knowledge of a juvenile for carrying on a sexual affair with one of her fourteen-year old male students. The court did not allow the applicant to be admitted to the bar because of her felony conviction. Like the teacher in Hinson-Lyles, respondent occupied a position of trust, as he was the only adult present when the minor victim spent the night at his home. Respondent violated that trust and the trust of the victim's stepmother by allegedly molesting the nine-year old girl.
Furthermore, the board pointed out that respondent has not denied the allegations of child molestation and allowed the facts surrounding the allegations to be deemed admitted. There also is ample evidence in the record supporting the child molestation allegations. The only reason why respondent was not brought to trial was because the guardian of the victim chose not to proceed with the prosecution. As the court decided in Hinson-Lyles, respondent has demonstrated that he lacks the moral character to be a member of the bar.
As to Guideline 9, the board rejected the committee's application of that guideline to this case. The board reasoned that the committee correctly classified the instant misconduct as "serious attorney misconduct"; however, the misconduct occurred between 2001-2003, prior to respondent's 2004 disbarment in Domm I, and thus the serious attorney misconduct was not "preceded by suspension or disbarment for prior instances of serious attorney misconduct."
Based on this reasoning, the board recommended that respondent be permanently disbarred and be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC objected to the disciplinary board's recommendation.

DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record *385 to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The deemed admitted facts in this matter, combined with the other evidence in the record, supports the hearing committee's factual finding that respondent "knowingly and intentionally engaged in conduct involving moral depravity with a minor child." Additionally, the record supports the committee's conclusion that respondent neglected his client's annuity matter, failed to communicate with his client, failed to return her file, and failed to cooperate with the ODC in its investigation. Accordingly, we find respondent violated the Rules of Professional Conduct as alleged in the formal charges.
Having found professional misconduct, the sole remaining issue presented for our consideration is the appropriate sanction for respondent's misconduct. In imposing a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
We find that respondent acted knowingly, if not intentionally, and violated a duty owed to his client and to the legal profession. Respondent caused actual harm to his client and to his juvenile victim.
The following aggravating factors are present in this matter: prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victim, and substantial experience in the practice of law. We are unable to discern any mitigating factors from the record.
Considering the egregious nature of respondent's misconduct in this matter together with his prior disciplinary record, we conclude respondent lacks the moral fitness to practice law in this state. Under these circumstances, the only appropriate sanction in this case is permanent disbarment.[3] Accordingly, we will accept the disciplinary board's recommendation and permanently disbar respondent.

*386 DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Edward B. Domm, IV, Louisiana Bar Roll number 22039, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[1] Because of the sensitive nature of the allegations in this matter, we have not identified the client or her stepdaughter by name.
[2] A Baton Rouge television station aired a news report on February 5, 2002 concerning respondent's arrest.
[3] We recognize that Guideline 4 of the permanent disbarment guidelines refers to "sexual misconduct which results in a felony criminal conviction." However, our jurisprudence clearly establishes that the guidelines are illustrative in nature and are not intended to bind this court in its decision making process. In re: Edwards, 04-0290 (La.7/2/04), 879 So.2d 718; In re: Kirchberg, 03-0957 (La.9/26/03), 856 So.2d 1162. Thus, even though respondent was never convicted in a felony criminal context, we may still find his conduct, which has been proven by clear and convincing evidence in this disciplinary proceeding, is of sufficient gravity to warrant permanent disbarment.