*803 ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.*
__JjThis matter arises from an application for admission to the bar of Louisiana filed by petitioner, Philip R. Pilie.
FACTS AND PROCEDURAL HISTORY
Petitioner graduated from law school in Georgia in May 2007. He then applied to sit for the July 2007 Louisiana bar examination. The month prior to the bar exam, on June 13, 2007, petitioner made Internet contact with a person whom he believed to be a fifteen-year old girl. They chatted for about one hour and twenty minutes, during which time petitioner told the girl that he wanted to meet her at her home and have sex. In fact, the “girl” was an undercover Kenner police detective posing as a juvenile. When petitioner arrived at the prearranged meeting location in the car he had described during the chat, he was arrested and charged with computer-aided solicitation of a minor and attempted indecent behavior with a juvenile, both felonies.
Petitioner amended his bar application to disclose the arrest. By letter dated July 5, 2007, the Committee on Bar Admissions (“Committee”) informed petitioner that because of his arrest, he would not be able to sit for the bar exam. Petitioner did not appeal the Committee’s decision to this court, and he did not sit for the July 2007 bar exam.
|2On October 20, 2008, petitioner successfully completed a pre-trial diversion program of the Jefferson Parish District Attorney’s Office. Thereafter, all criminal charges against him were refused and the matter was closed.
On October 29, 2008, petitioner applied to the Committee for permission to sit for the February 2009 bar examination. He disclosed his June 2007 arrest and the completion of the pre-trial diversion program, and he informed the Committee that he had received counseling following his arrest. The Committee permitted petitioner to sit for the bar exam, which he ultimately passed. However, by letter dated March 19, 2009, the Committee informed petitioner that it could not certify his character and fitness to this court, notwithstanding his completion of the pretrial diversion program, because “the serious nature of the charges was sufficient grounds for denial of admission.”
In April 2009, petitioner filed a petition in this court seeking admission to the practice of law. We denied petitioner’s application. In re: Pilie, 09-0866 (La.5/29/09), 9 So.3d 153.
Petitioner now files the instant pleading, again seeking admission to the Louisiana bar.
DISCUSSION
A review of petitioner’s application indicates he produces very little evidence of any change in circumstances since this court’s prior disposition. Petitioner’s showing of changed circumstances relates primarily to his recent marriage and his continued (though sporadic) psychiatric counseling. These circumstances have little, if any, relevance to the issue of peti *804 tioner’s character and fitness to practice law.
Moreover, the gravity of petitioner’s actions in this case, involving attempted sexual exploitation of a minor, cannot be discounted. Under nearly | ^identical facts in In re: Aguillard, 07-0351 (La.6/15/07), 958 So.2d 671, we imposed permanent disbarment upon an attorney who made Internet contact with someone he believed was a thirteen-year old girl and subsequently arranged a meeting with the girl for the purpose of engaging in sexual relations. The girl with whom Aguillard was communicating was actually an investigator involved in an online undercover operation for the Louisiana Attorney General’s Office. Upon arrival at the agreed-upon location, Aguillard was arrested and charged with computer-aided solicitation of a minor. In the bar disciplinary proceeding against Aguillard, this court held that “under the circumstances of this case, the imposition of any sanction less than permanent disbarment would require us to ignore the seriousness of respondent’s conduct....”
Admittedly, the respondent in Aguil-lard was convicted of one felony count of computer-aided solicitation of a minor, while petitioner was never convicted but instead entered a pre-trial diversion program. Nonetheless, the lack of a criminal conviction does not prevent this court from considering the effect to be given to the conduct for purposes of our constitutional responsibility to regulate the practice of law. See In re: Domm, 07-0348 at p. 10, fn. 5 (La.9/21/07), 965 So.2d 380, 385 (“... even though respondent was never convicted in a felony criminal context, we may still find his conduct, which has been proven by clear and convincing evidence in this disciplinary proceeding, is of sufficient gravity to warrant permanent disbarment.”).
Had petitioner been a practicing attorney at the time of his misconduct, it is very likely he would have been permanently disbarred. Given this fact, we can conceive of no circumstance under which we would ever admit petitioner to the practice of law. See In re: Hinson-Lyles, 02-2578 (La.12/3/03), 864 So.2d 108 (Knoll, J. concurring) (“... it is a mockery of our rules to allow someone to apply |4for admission when the undisputed conduct at issue is a recommended ground for permanent disbarment.”).
Accordingly, we will deny the application for admission, with the provision that no applications for admission will be accepted from petitioner in the future. See In re: Jordan, 12-0551 (La.4/9/12), 85 So.3d 683.
DECREE
For the reasons assigned, it is ordered that the petition for admission to the bar of Louisiana filed by petitioner, Philip R. Pilie, be and hereby is denied. It is further ordered that no applications for admission shall be accepted from petitioner in the future.

 Chief Justice Kimball not participating in the opinion.